[No. 675.    October 2, 1897.]

JAMES S. JARRELL, Appellant, v. R. F. BARNETT,
ASSIGNEE OF W. C. BIRD & CO., Appellee.

EQUITY PRACTICE—FINDINGS OF FACT BY MASTER.—The findings of a
special master in chancery on disputed facts referred to him, have
the same force and effect as the special verdict of a jury.  Field v.
Romero, 7 N. M. 630; De Cordova v. Korte, Id. 678.

*Appeal*, from .a decree for respondent, from the Fifth
Judicial District Court, Chavez County.    Affirmed.

The facts are stated in the opinion of the court.

JAMES A. POAGE for appellant.

The decree of reference is the limit of the special master's
authority, and a finding by him on a matter not referred, and
not raised in the pleading, should be ignored as null.

The assignment contains a recital of uncontradicted facts.
Maury v. Lewis, 10 Yerg. (Tenn.) 115; Rawson v. Rawson,
2 Johns. Ch. 495; Simmons v. Jacobs, 52 Me. 14; Levart v.
Red Wood, 9 Port. (Ala.) 79; White v. Walker, 5 Flor. 78; 1
Black on Judg., sec. 44, note 101; 2 Id., sec. 641; Id., secs. 530,
532.

The special master had found that $112.38 of the claim
was originally for rent, but it had been paid prior to the decree
of reference, and prior to its allowance and approval by ap-
pellee.    See authorities cited, supra.

For scope and duties of master see same cases.

In the judicial character of assignee's acts in allowing
claims, and its force as res adjudicata, see Insolvent Laws, N.
M. 1889, pp. 150-161, secs. 19-23, 36; Rubber Co. v. Good-
year, 9 Wall. (N. Y.) 788; State v. Ins. Co., 5 Pac. Rep. 190;
Eureka Co. v. Bailey Co., 11 Wall. (U. S.) 488; Martin v.
Mott, ·12 Wheat. 19; Steele v. Smelting Co., 106 U. S. 47;

14 Am. and Eng. Ency. of Law, head "Master in Equity;"
Epright v. Kauffman, 1 S. W. Rep. 736.

LAUGHLIN, J.—The appellant and complainant below,
James S. Jarrell, filed his bill of complaint against appellee,
respondent below, R. F. Barnett, as assignee of W. C. Bird &
Co., and prayed that the sum of $112.38 be declared a pre-
ferred lien by appellee, as assignee of said Bird & Co.'s estate,
as a landlord's lien for rent of a building at Roswell, rented
by said Jarrell to said Bird & Co. for use as a saloon.

Bird & Co. failed, and made an assignment to said Bar-
nett.   Issue was joined by answer and replication, and the
case was then referred to C. A. Keith, Esq., as
special master, and he reported to the court
that all the rent had been paid, and that noth-
ing was then due from said Bird & Co. to said
Jarrell.   The special master was directed by the court to take
the proofs in the case on the issues joined, and find, first, "the
amount due plaintiff for rent up to the time of the bringing
of the suit."   The special master found and reported as a fact
that Bird & Co. paid complainant, Jarrell, all money due him
before the time of the filing of this suit, and the court below
confirmed the report, and entered a decree accordingly.   The
case was referred to the special master by consent of all parties,
and his findings on the disputed facts on the evidence pro-
duced before him have the same force and effect as the special
verdict of a jury.   Field v. Romero, 7 N. M. 630; De Cordova
v. Korte, 7 N. M. 678.   There is nothing else to be considered
in this case.   The judgment of the court below is affirmed.

Smith, C. J., and Bantz and Collier, JJ., concur.

*Equity practice: findings of fact by master.*