# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**MARGARET ASPREY,**

Plaintiff-Appellee,

v.                                                                    **NO. 29,216**

**JOAN J. RAABE-ASPREY, Individually**
**and as the Personal Representative of**
**The Estate of Robert R. Asprey,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Jerald A. Valentine, District Judge**

John A. Darden III
Las Cruces, NM

for Appellee

Matthew P. Holt
Las Cruces, NM

for Appellant

## MEMORANDUM OPINION

**KENNEDY, Judge.**

Defendant argues she should not be held individually liable for the community debt of her deceased husband.  [DS 2; MIO 2] This Court issued a calendar notice assigning this case to the summary calendar and proposing summary affirmance on February 24, 2009.  Defendant filed a memorandum in opposition on March 16, 2009,

conceding the debt was community debt and could be satisfied from all community assets, but arguing she could not be held individually liable for any of the debt. [MIO 2-3] Unpersuaded by Defendant's arguments, we affirm the district court's decision, but remand for modification of the district court order to limit her individual liability to the extent she holds community property.

Defendant's deceased husband apparently obtained two loans from his mother (Plaintiff) totaling $247,000, while still married to Defendant. [RP 91] After the deceased's death, Plaintiff sought to collect on the loans from Defendant, both in Defendant's individual capacity and as the personal representative of the deceased husband's estate. [RP 11-12] The district court found the two loans constituted community debt for which the deceased and Defendant were jointly and severally liable. [RP 92] Defendant appeals, arguing she is not individually liable for the loan obligations incurred by her late husband. [DS 2; MIO 3]

The threshold question of whether a debt is community or separate is a legal question we review de novo. *Bursum v. Bursum,* 2004-NMCA-133, *¶* 19, 136 N.M. 584, 102 P.3d 651. Pursuant to NMSA 1978, § 40-3-9(B) (1983), community debt is defined as that debt which is not a separate debt; we presume a debt created during marriage is a community debt. *Huntington Nat'l Bank v. Sproul*, 116 N.M. 254, 258,

861 P.2d 935, 939 (1993). Separate debt is defined with specificity and does not include the debt in this case. NMSA 1978, § 40-3-9(A) (1983). As part of her memorandum in opposition, Defendant now concedes the loan to her late husband constitutes community debt and that any community property she holds from the marriage may be used to satisfy the debt. [MIO 1-2]

Defendant's sole argument is therefore that the district court improperly found Defendant and the deceased husband's estate jointly and severally liable for the community debt and interest. [RP 94] She argues that only the community property, rather than she individually, is liable for the community debt. We first note the district court appears to have erroneously relied on NMSA 1978, § 40-3-11(A)(1995) for its decision [RP 92]; this section does not apply to the satisfaction of debts after the death of one or both spouses. Section 40-3-11(D). We propose to affirm the district court, however, because the principle the district court relied on, that community debts remain the joint obligation of both parties upon the death of one spouse, is valid and expressed in the probate code. *See* NMSA 1978, § 45-2-805 (1993) ("Upon the death of either spouse, the entire community property is subject to the payment of community debts."); *see also Meiboom v. Watson*, 2000-NMSC-004, ¶ 20, 128 N.M. 536, 994 P.2d 1154 (stating an appellate court may affirm a trial court's ruling on a

3

ground that was not relied below if reliance on the new ground would not be unfair to the appellant).

We note Defendant likely holds community assets not part of the estate of her husband that may properly be used to satisfy the community debt and we fail to see how Plaintiff could pursue these assets, if not against wife individually. The purpose of Section 45-2-805 is to protect third parties who had dealt in good faith with the community while both spouses were alive. *Matter of Shadden's Estate,* 93 N.M. 274, 281, 599 P.2d 1071, 1078 (Ct. App. 1979) *overruled on other grounds by Sproul*, 116 N.M. 254, 861 P.2d 935. Accepting Defendant's arguments would frustrate this purpose. This we decline to do.

We also observe Defendant's memorandum in opposition relies on NMSA 1978, Section 55-3-401 (2007) for her proposition she is not individually liable for the community debt. [MIO 3] First, we question Defendant's reliance on the Uniform Commercial Code (UCC). Defendant has provided us with no authority indicating this case is a commercial transaction subject to the provisions of the UCC. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (explaining where a party cites no authority to support an argument, we may assume no such authority exists); *see also Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M.

339, 110 P.3d 1076 (reiterating we will not review unclear arguments, or guess at what a party's arguments might be). Second, even if we were to assume the UCC was applicable to the type of note at issue in this case, our case law and statutes have already qualified Section 55-3-401 of the UCC with regard to cases involving community property and community debt; we have already held the community property of the non-signing spouse is subject to collection and garnishment. *See, e.g., Sproul*, 116 N.M. at 260, 861 P.2d at 941. As a plaintiff does not bring suit against assets, but rather brings suit against the party who holds the assets, a defendant is individually liable for the community debt. However, satisfaction of the debt is limited to those assets which constitute community property from the marriage.

We therefore affirm the district court's finding that Defendant is individually liable for the community debt. We remand to the district court for modification of the order to limit Defendant's individual liability to her interest in community property from the marriage.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:

_____

**JAMES J. WECHSLER, Judge**

_____
**TIMOTHY L. GARCIA, Judge**