2000-NMSC-004

994 P.2d 1154

David MEIBOOM and Gary Doberman,
Plaintiffs–Respondents,

v.

Stephen WATSON, Defendant–Petitioner.

No. 25,207.

Supreme Court of New Mexico.

Jan. 12, 2000.

Freedman, Boyd, Daniels, Hollander, Goldberg & Cline, P.A., K.C. Maxwell, Joseph Goldberg, Albuquerque, for Petitioner.

Law Office of Daymon B. Ely, Daymon B. Ely, Albuquerque, Walker & Van Heijenoort, William G. Walker, Albuquerque, for Respondents.

## OPINION

BACA, Justice.

{1} Petitioner–Defendant, Stephen Watson, challenges the Court of Appeals' holding that the district court erred by denying plaintiffs' motion for relief from a stipulated dismissal pursuant to Rule 1–060(B)(6) NMRA 1999. *See Meiboom v. Watson,* 1998–NMCA–091, ¶ 17, 125 N.M. 462, 963 P.2d 539. We have jurisdiction pursuant to NMSA 1978, § 34–5–14(B) (1972), and on certiorari we consider: 1) whether the Court of Appeals, by concluding that the district court retained jurisdiction over plaintiffs' Rule 1–060(B)(6) motion, improperly overruled this Court's opinion in *King v. Lujan,* 98 N.M. 179, 646 P.2d 1243 (1982), which held that the statute of limitations is *not* tolled by a dismissal for lack of prosecution; and 2) whether the Court of Appeals erred by concluding that the district court failed to fully evaluate the merits of plaintiffs' motion. Although we conclude the district court improperly denied plaintiffs' motion for lack of jurisdiction, we hold that *King* was not over-

ruled. We also reverse the Court of Appeals' holding that the district court failed to fully evaluate the merits of the motion and we affirm the district court's denial of plaintiffs' Rule 1–060(B)(6) motion.

## I.

{2} This case arose from a failed business relationship. In 1984, Watson started a small business to produce and sell paper products made from cotton denim rag scraps. In 1990, Watson entered into a business relationship with Gary Doberman and David Meiboom to establish Denim Paper Products, Inc., a rag waste recycling business. By February 1991, both parties had a falling out and retained counsel. In April 1994, the parties reached an agreement to dissolve the partnership. As part of the agreement, Watson agreed to purchase plaintiffs' stock in the company and agreed to disclose the status of existing and potential contracts with Denim Paper.

{3} In October 1993, two years after the agreement, plaintiffs filed a complaint alleging that Watson had made fraudulent misrepresentations about the status of Denim Paper's negotiations with Levis Strauss & Co. In November 1993, Watson filed a motion to dismiss the complaint for failure to plead fraud with sufficient particularity. In January 1994, the district court granted the motion to dismiss without prejudice and allowed plaintiffs to file an amended complaint. Plaintiffs amended the complaint and Watson filed another motion to dismiss on the same grounds. In April 1994, the district court agreed that the amended complaint again failed to plead fraud with particularity, but still granted the motion in part and denied it in part, allowing the complaint to proceed only as to those areas where plaintiffs' attorney provided specific responses to the allegations of fraud. The district court also limited discovery and recommended that plaintiffs depose key witnesses so that it could "decide if we have a cause of action here."

{4} In February 1995, the district court found that no significant action had been taken on the case and, sua sponte, dismissed the action without prejudice for lack of prosecution. Plaintiffs moved to reinstate the case, and despite the motion's failure to comport with local rules and its characterization by the district court as "the barest motion I've seen in ten years on the bench," the court nonetheless agreed to reinstatement subject to plaintiffs satisfying certain conditions. The conditions included deposing key witnesses by a certain date and preparation of pretrial orders. Plaintiffs failed to comply with the court's conditions. On June 28, 1995, the district court approved a stipulated dismissal of the complaint and the order was filed on August 15, 1995.

{5} Represented by new counsel, plaintiffs filed a Rule 1–060(B)(6) motion for relief from the stipulated dismissal on August 29, 1996, more than one year after the dismissal order was filed. They alleged that their previous attorney repeatedly misled them and lied about the status of their case well after it was dismissed.

{6} Watson opposed the motion arguing that, based on our reasoning in *King v. Lujan*, the district court lacked jurisdiction to grant relief because the statute of limitations had expired on the original cause of action. *See King*, 98 N.M. 179, 646 P.2d 1243. Alternatively, Watson argued that the plaintiffs failed to establish "exceptional circumstances" sufficient to support relief under Rule 1–060(B)(6). *See Marberry Sales Inc. v. Falls*, 92 N.M. 578, 580, 592 P.2d 178, 180 (1979). In November 1996, the district court addressed the merits of the motion but found that, based on *King*, the jurisdictional issue controlled the disposition of the matter and denied plaintiffs' motion to reinstate the case.

{7} Distinguishing the facts of this case from *King*, and relying on *Wershaw v. Dimas*, 1996–NMCA–118, ¶ 4, 122 N.M. 592, 929 P.2d 984, and *Gathman–Matotan Architects and Planners, Inc. v. State Dep't of Fin. & Admin.*, 109 N.M. 492, 494–95, 787 P.2d 411, 413–14 (1990), the Court of Appeals reversed the district court. *Meiboom*, 1998–NMCA–091, ¶¶ 1, 9, 125 N.M. 462, 963 P.2d 539. The Court of Appeals in *Meiboom* held that the district court had jurisdiction to consider the merits·of the motion despite the expiration of the statute of limitations, 1998–NMCA–091, ¶¶ 1, 9, 125 N.M. 462, 963 P.2d

539, and remanded the matter for a hearing on the merits, *see id.* ¶ 13, concluding the district court "did not thoroughly evaluate the parties' evidence on the merits of the Plaintiffs' motion for reinstatement," *id.* ¶ 16. Defendant now appeals this ruling, arguing essentially two points. First, Watson argues that the Court of Appeals impermissibly overruled this Court's opinion in *King v. Lujan* and therefore asserts that the district court correctly determined that *King* deprived the district court of jurisdiction. In the alternative, Watson argues if the district court did have jurisdiction then it properly evaluated the merits of the case, and therefore that the Court of Appeals erred in remanding for a more thorough evaluation.

{8} We hold that the district court improperly based its denial of plaintiffs' motion for lack of jurisdiction on *King.* In addition, since we conclude that *King* and *Wershaw* are both premised on a Rule 1–041(E)(2) NMRA 1999 (as amended through 1990) analysis, which we identify as significantly different than the Rule 1–060(B)(6) motion at issue here, we find that they are not controlling authority in this case. As such, we hold that the Court of Appeals' decision does not overrule *King.* We also reverse the Court of Appeals' order remanding the matter and conclude that the district court sufficiently addressed the merits of plaintiffs' motion. Accordingly, we affirm the district court's denial of plaintiffs' motion on the merits.

## II.

{9} Although we ultimately conclude that the district court's reliance on *King* to deny plaintiffs' motion for lack of jurisdiction was improper, we disagree with Watson's claim that the Court of Appeals' opinion in *Meiboom* overrules *King.* The Court of Appeals correctly determined that *King*'s analysis of the statute of limitations issue did not deprive the district court of jurisdiction. However, its interpretation and application of *Wershaw* and *Gathman–Matotan* to support the conclusion that the district court had jurisdiction in this matter is misplaced.

## A.

{10} At the November 1996 hearing to consider plaintiffs' request for relief, the district court judge denied the motion for lack of jurisdiction concluding "the basis of [my ruling] is basically *King v. Lujan.*" The Court of Appeals correctly determined that the district court erred by relying on *King* to conclude that it lacked jurisdiction because the statute of limitations had run.

{11} In *King,* this Court held that the statute of limitations is not tolled by a suit dismissed without prejudice. 98 N.M. at 181, 646 P.2d at 1245; *see also Gathman–Matotan* 109 N.M. at 495, 787 P.2d at 414 (limiting *King*'s scope to dismissals for lack of prosecution). *King* held that because the statute of limitations had run four years before plaintiff had filed a motion to reinstate the case, the trial court lacked jurisdiction and thus erred by granting plaintiff's motion to reinstate. *King,* 98 N.M. at 181, 646 P.2d at 1245. The Court also balanced the interests of the parties stating that "[a] party who has slept on his rights should not be permitted to harass the opposing party with a pending action for an unreasonable time." *Id.*

{12} In assessing the applicability of *King* to the facts of this case, we disagree with the district court's conclusion that *King* "must have been a 60(B)(6) case because the reinstatement was well over a year after the order of dismissal for lack of prosecution." In *King,* the Court never explicitly states the specific rule by which the moving party sought relief. Our own review of *King* leads us to conclude that those plaintiffs were seeking relief under Rule 1–041(E)(2), which governs reinstatement of matters dismissed for lack of prosecution. The opinion makes several references to and discusses the guiding principles of Rule 1–041 and makes no reference to Rule 1–060(B)(6). *See King,* 98 N.M. at 180–81, 646 P.2d at 1244–45. Both *Wershaw,* 122 N.M. at 594, 929 P.2d at 986, and *Gathman–Matotan,* 109 N.M. at 494–95, 787 P.2d at 414–14, cite *King* with approval and both discuss the relationship between Rule 1–041 dismissals for lack of prosecution and statute of limitations concerns. Since we conclude that the decision in *King* was premised on Rule 1–041(E)(2), while plaintiffs in

the present case seek relief under Rule 1–060(B)(6), *King* has no relevance to this case.

{13} Thus, we disagree with the district court's conclusion that based on *King*, "this Court does not have the jurisdiction to reinstate the case because the statute of limitations ... has passed." If we were to agree with the district court's interpretation that *King* was in fact a Rule 1–060(B)(6) case, it would serve to obviate the underlying purposes of Rule 1–060(B)(6). It would render nonexistent the ability of a court's equitable powers to grant relief from final judgment in Rule 1–060(B)(6) cases after the statute of limitations has run. *See In re Drummond,* 1997–NMCA–094, ¶ 16, 123 N.M. 727, 945 P.2d 457 (affirming trial court's reopening an adoption decree for a "best-interests-of-the-child-determination" after the statutory one-year deadline for attacking decrees had passed because exceptional circumstances existed); *Wehrle v. Robison,* 92 N.M. 485, 486–87, 590 P.2d 633, 634–35 (1979) (stating that a request for relief from a property settlement agreement incorporated into a dissolution of marriage decree, based on mistake, fraud, and misrepresentation, could be made outside statutory time limit if within the deadlines in Rule 1–060(B)); *see also Fuller v. Quire,* 916 F.2d 358, 360–61 (6th Cir.1990) (affirming district court's reinstatement of personal injury action under Fed.R.Civ.P. 60(b)(6), two years after dismissal, and five years after the accident, where attorney's inexcusable misconduct resulted in dismissal for lack of prosecution); *McKinney v. Boyle,* 404 F.2d 632, 634 (9th Cir.1968) (directing district court to consider reinstatement under Fed.R.Civ.P. 60(b)(6), five-and-a-half years after dismissal of personal injury action, where attorney did not have authority to settle; on remand, the trial court could consider whether the motion was filed within a reasonable time); *but see State ex rel. Speer v. District Court,* 79 N.M. 216, 221, 441 P.2d 745, 750 (1968) (stating that notwithstanding the one-year limitation for seeking relief from judgments obtained through fraud under what is now Rule 1–060(B), the limitations provisions in NMSA 1953 § 75–

18–8(H) took precedence over Rule 1–060(B) rights.) Interpreting *King* as being based on Rule 1–041 avoids these consequences.

{14} We emphasize that we are not overruling *King* but rather clarifying its scope. Our interpretation does not abrogate *King*'s principle that "[a] party who has slept on his rights should not be permitted to harass the opposing party with a pending action for an unreasonable time." *King,* 98 N.M. at 181, 646 P.2d at 1245. There is, however, an overriding interest in protecting the finality of judgments and we believe that the requirements for granting Rule 1–060(B)(6) relief are sufficient to avoid unfairly subjecting non-moving parties to the threat of indefinitely extending the time for bringing suit or seeking relief from final judgments. As such, we do not disturb *King*'s holding that "when an action is dismissed without prejudice because of a failure to prosecute, the interruption [of the statute of limitations] is considered as never having occurred." *King,* 98 N.M. at 180–81, 646 P.2d at 1244–45.

### B.

{15} Relying on *Wershaw,* the Court of Appeals determined that the district court had jurisdiction to consider the merits of plaintiffs' Rule 1–060(B)(6) motion. *Meiboom,* 1998–NMCA–091, ¶¶ 9–10, 125 N.M. 462, 963 P.2d 539. The Court of Appeals' application of *Wershaw*'s holding that a case may be reinstated even after the statute of limitations has run, upon a timely showing of good cause, is inapposite to the facts of this case. *See Wershaw,* 122 N.M. at 594, 929 P.2d at 986.

{16} *Wershaw* held that the expiration of the statute of limitations does not prevent reinstatement of a case where a matter has been dismissed for lack of prosecution upon a showing of good cause.[1] *See id. Wershaw* stated that because the rules of civil procedure had changed since *King,* it was unnecessary to file a new complaint to reinstate a case that had been dismissed without preju-

---

1. We note, however, that if the statute of limitations had expired and the moving party filed outside the thirty-day time limit, relief under

Rule 1–041(E)(2) would be denied and the district court would lack jurisdiction to reinstate the case.

dice for lack of prosecution. 122 N.M. at 594, 929 P.2d at 986; *see* Rule 1–041(E)(2). We do not disturb *Wershaw*'s holding.

{17} We do, however, disagree with the Court of Appeals' interpretation of *Wershaw* to the extent that it ignored the different effect that statute of limitations concerns have on Rule 1–041(E)(2) and 1–060(B) motions. *See Meiboom*, 1998–NMCA–091, ¶¶ 10–14, 17, 125 N.M. 462, 963 P.2d 539. *Wershaw* involved a Rule 1–041(E)(2) motion *timely* filed within thirty days of dismissal for lack of prosecution, while this case involves a motion for relief under Rule 1–060(B)(6) filed over one year *after* a stipulated dismissal. The Court of Appeals concluded that these distinctions were "inconsequential" and that instead, *Wershaw*, like this case, involved a "running of the statute of limitations" issue. *Meiboom*, 1998–NMCA–091, ¶ 10, 125 N.M. 462, 963 P.2d 539.

{18} We disagree. This case does not involve a motion for relief under Rule 1–041(E)(2), nor does the fact that plaintiffs' case was reinstated subject to conditions that were never satisfied place this matter within the scope of Rule 1–041(E)(2). Both Watson and plaintiffs voluntarily stipulated to a dismissal, and thus the Court of Appeals' analysis of Rule 1–041(E)(2) and references to *King, Gathman–Matotan,* and *Wershaw* are not relevant.

{19} By relying on *Wershaw* to reverse the district court, the Court of Appeals ignored the significantly different requirements for relief contained in Rules 1–041(E)(2) and 1–060(B)(6). We think it relevant that *Wershaw* involved a motion timely filed within the thirty-day limit, while here, plaintiffs' motion for relief was filed over one year after a voluntary dismissal. A party seeking reinstatement under Rule 1–041(E)(2) has thirty days to file a motion. Rule 1–060(B)(6), on the other hand, has no specific time limitation and instead requires only that the motion be filed within a "reasonable time." Rule 1–041(E)(2) requires only a showing of good cause, *see Wershaw* 122 N.M. at 594, 929 P.2d at 986, while Rule 1–060(B)(6) has a higher standard requiring that the moving party demonstrate exceptional circumstances, *see Resolution Trust*

*Corp. v. Ferri,* 120 N.M. 320, 324, 901 P.2d 738, 742 (1995). For these reasons, we conclude the district court erred when determining it did not have jurisdiction under *King*.

## C.

 {20} This Court may "affirm a district court ruling on a ground not relied upon by the district court, [but] will not do so if reliance on the new ground would be unfair to appellant." *State v.. Franks,* 119 N.M. 174, 177, 889 P.2d 209, 212 (Ct.App.1994) (citation omitted). This Court, however, "on appeal ... will not assume the role of the trial court and delve into ... fact-dependent inquir[ies]." *Pinnell v. Board of County Comm'rs,* 1999–NMCA–074, ¶ 14, 127 N.M. 452, 982 P.2d 503. In *Allsup's Convenience Stores Inc. v. North River Ins. Co.,* we stated, "While we could affirm a trial ruling which is right for the wrong reason we may not do so in the absence of any substantial evidence supporting what would be the right reason." 1999–NMSC–006, ¶ 20, 127 N.M. 1, 976 P.2d 1 (citation omitted). Here, substantial evidence existed to support the district court's decision to deny plaintiffs' Rule 1–060(B)(6) motion. Thus, even if the district court offered erroneous rationale for its decision, it will be affirmed if right for any reason. Although the district court's decision was primarily based on its misapprehension of *King*, we find sufficient evidence in the record to support the conclusion that plaintiffs failed to meet the reasonable time requirement necessary for relief under Rule 1–060(B)(6).

{21} Having concluded that neither *King* nor *Wershaw* are applicable to this case, we now turn to the question of what is procedurally required before a district court can rule on the merits of a Rule 1–060(B)(6) motion. We have stated that "[t]he voluntary dismissal of a suit leaves a situation, ... the same as though the suit had never been brought; ... all prior proceedings and orders in the case are vitiated and annulled, and jurisdiction of the court is immediately terminated." *McCuistion v. McCuistion,* 73 N.M. 27, 29, 385 P.2d 357, 358 (1963). It is our task to determine the factors, under Rule 1–060(B)(6), a court must consider when evalu-

ating whether the procedural requirement of reasonable time has been met.

{22} Resolution of this question is not determined only by an assessment of whether the statute of limitations has run. Instead, the language of Rule 1–060(B)(6) states that the motion "shall be made within a reasonable time." In *Freedman v. Perea*, we stated, "The only time limit on a motion seeking relief under Rule 60(b)(6) is that it be made within a reasonable time." 85 N.M. 745, 746–47, 517 P.2d 67, 68–69 (1973) (quoting *Chavez v. Village of Cimarron*, 65 N.M. 141, 146, 333 P.2d 882, 885 (1958)); *see also Watkins v. Lundell*, 169 F.3d 540, 544 (8th Cir.1999) (stating that, "[b]efore considering the merits of a Rule 60(b)(6) motion, we must consider whether the motion was made within a reasonable time."). Therefore, we believe the reasonable time determination is a threshold inquiry.

{23} The reasonable time standard has generally been undefined. In *Freedman*, this Court stated, "What constitutes a reasonable time ... depends on the circumstances of each case." 85 N.M. at 747, 517 P.2d at 69; *see also Home Savings and Loan Ass'n v. Esquire Homes, Inc.*, 87 N.M. 1, 2, 528 P.2d 645, 646 (1974).

{24} In attempting to define what constitutes "the circumstances of each case," reference to federal precedent is instructive. Federal Rule of Civil Procedure 60(b)(6), which is similar to New Mexico's Rule 1–060(B)(6), also has a reasonable time provision. In determining whether a 60(b)(6) motion has been timely filed, federal courts have considered numerous factors, including: "the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and [the consideration of] prejudice [if any] to other parties." *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 610 (7th Cir.1986) (quoting *Ashford v.. Steuart*, 657 F.2d 1053, 1055 (9th Cir.1981) (per curiam) (alteration in original)); *see also In re Emergency Beacon Corp.*, 666 F.2d 754, 760 (2nd Cir.1981) ("What qualifies as a reasonable time ... depend[s] largely on the facts of a given case, including the length and circumstances of the

delay and the possibility of prejudice to the opposing party."); *Gilbert v. Dresser Indus. Inc.*, 158 F.R.D. 89, 96 (N.D.Miss.1993) ("[W]hat constitutes a reasonable time is interrelated with all other circumstances either mitigating against or justifying relief under the rule and balanced, as always, with the importance of preserving final judgments.") (citation and internal quotation marks omitted); 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2866, at 382–89 (2d ed.1995) (discussing reasonable time requirement); 12 James W. Moore, *Moore's Federal Practice* ¶ 60.65[1], at 60–197 to–99 (3d. ed.1997).

{25} These factors share many similarities with an inquiry on the merits specifically with the factors used to determine whether the moving party has demonstrated "exceptional circumstances," *see* discussion *infra*, Part III. It is important to note that these are two separate, albeit, related inquiries. In some instances, because the facts relevant for a determination of the threshold procedural issue and those used for a determination on the merits, are the same, an examination of whether a motion was filed within a reasonable time will require an examination of the underlying merits of a Rule 1–060(B)(6) motion. *Cf. Emergency Beacon Corp.*, 666 F.2d at 760–61 (court made separate inquiry regarding whether motion was timely filed, and under separate heading discussed the merits of the moving party's motion for relief from the final judgment).

{26} In the present case the statute of limitations had expired several months before plaintiffs filed their Rule 1–060(B)(6) motion; additionally, the district court's findings show that plaintiffs filed their motion more than one year after the stipulated dismissal and approximately three months after plaintiffs state they learned their case had been voluntarily dismissed. *See Meiboom*, 1998–NMCA–091, ¶ 6, 125 N.M. 462, 963 P.2d 539. Furthermore, the district court found that no significant activity occurred in approximately one-and-a-half years before it dismissed the case for lack of prosecution. These factors lead us to conclude plaintiffs did not file their motion within the procedurally required reasonable time limit. We also

conclude this case may be disposed of by our conclusion that the district court both sufficiently addressed the merits of the plaintiffs' motion and correctly determined that plaintiffs failed to establish the exceptional circumstances necessary for reinstatement of their claim.

## III.

▪ {27} Watson challenges the Court of Appeals' determination that "the parties did not have the opportunity to fully argue the merits of their case ... [and that the] district court [improperly] based its ruling on the statute of limitations." *Meiboom*, 1998–NMCA–091, ¶ 16, 125 N.M. 462, 963 P.2d 539. Although the Court of Appeals determined that the district court did not properly evaluate the merits of plaintiffs' motion and remanded the case for consideration of the merits, *id.*, our review of the record indicates that the district court made sufficient findings on the merits to satisfy the standards set out in *Ferri*.

### A.

{28} A review of the hearing transcript indicates that the district court believed that it could deny plaintiffs' motion both on the jurisdictional question and separately on its merits but believed the jurisdictional issues were dispositive. During the hearing, the court stated that it did not have jurisdiction to reinstate the case because the statute of limitations had run. After briefly discussing the attorney's conduct and that it was not reasonable for plaintiffs to rely on his assertions, the court stated, "but that's not the basis of my ruling particularly ... [it is] *King v. Lujan.*" Based on our foregoing discussion, we agree with the Court of Appeals' conclusion that the district court "erred in holding that it did not have jurisdiction to consider Plaintiffs' motion on the grounds that the statute of limitations had run." *Meiboom*, 1998–NMCA–091, ¶ 17, 125 N.M. 462, 963 P.2d 539. However, despite denying the motion on jurisdictional grounds the court made specific findings after having considered plaintiffs' and defendant's oral arguments, briefs, affidavits, and other supporting documents. In its ruling the district

court found a prima facie case of gross attorney negligence. The court, however, also found that plaintiffs made no prima facie showing that it was reasonable for plaintiffs to rely on their attorney's assertions or that plaintiffs had exercised diligence in pursuing their claim. The court also found that Defendant would be prejudiced by granting plaintiffs relief to reinstate the case under Rule 1–060(B)(6) given that plaintiffs sought not only to reinstate the case, but to add new contract causes of action to their claim and to reinstate claims previously withdrawn by plaintiffs counsel. It is evident from these findings, the district court was applying a *Ferri* analysis to determine whether plaintiffs had proven that they were "diligent in pursuing all claims, but [were] thwarted in these efforts by the gross negligence of the attorney." 120 N.M. at 326, 901 P.2d at 744.

▪ {29} We review the district court's ruling on plaintiffs' Rule 1–060(B)(6) motion for an abuse of discretion. *See Desjardin v. Albuquerque Nat'l Bank*, 93 N.M. 89, 91, 596 P.2d 858, 860 (1979). A reviewing court "cannot merely substitute its judgment for that of the trial court unless there has been a clear abuse of discretion." To reverse the trial court "it must be shown that the court's ruling exceeds the bounds of all reason ... or that the judicial action taken is arbitrary, fanciful, or unreasonable." *Quintana v.. Motel 6, Inc.*, 102 N.M. 229, 232, 693 P.2d 597, 600 (Ct.App.1984) (Neal, J., Dissenting) (citations omitted).

{30} Reviewing the district court's determination that Rule 1–060(B)(6) did not apply, we conclude that the district court's denial of plaintiffs' Rule 1–060(B)(6) motion did not exceed the bounds of all reason and that its decision was not arbitrary or unreasonable. Our examination of the record indicates that plaintiffs failed to satisfy the requirements for relief under Rule 1–060(B)(6). Under that rule, a party may seek relief from a final judgment or final order upon a motion filed within a reasonable time for any reason not outlined in Rule 1–060(B)(1)–(5). The language in Rule 1–060(B)(6) does not provide a list of requirements for relief and instead we must turn to common law precedent.

{31} "Rule 60(b)(6) provides a reservoir of equitable power to do justice in a given case, but it is limited to instances where there is a showing of exceptional circumstances." *Battersby v. Bell Aircraft Corp.*, 65 N.M. 114, 332 P.2d 1028 (1958); *see also Deerman v. Board of County Comm'rs*, 116 N.M. 501, 506, 864 P.2d 317, 322 (Ct.App. 1993) (stating, "New Mexico . . . decisions have stated that a ground for relief under Rule 60(B)(6) must be 'extraordinary' or 'exceptional.' "); *Ackermann v. United States*, 340 U.S. 193, 199, 71 S.Ct. 209, 95 L.Ed. 207 (1950); 12 Moore, *supra*, ¶ 60.48[3][a] at 6–170 to –71, 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *supra*, § 2864, at 357 to –60.

{32} Here, plaintiffs allege that the gross negligence of their attorney is an exceptional circumstance warranting relief. In *Ferri*, this Court stated that in some circumstances, a moving party falls within the exception to the general rule that a party is bound by the acts and failures of their lawyers. 120 N.M. at 325, 901 P.2d at 743. A party alleging that their attorney's conduct was grossly negligent such that Rule 1–060(B)(6) relief is warranted, must demonstrate exceptional circumstances by showing that: (1) their attorney's conduct was grossly negligent; (2) the party seeking relief acted in a diligent and conscientious manner in pursuing their claim, *see Ferri*, 120 N.M. at 325–26, 901 P.2d at 743–44; (3) the moving party had a legitimate claim or defense, *see id.* at 323, 901 P.2d at 741; and (4) there is little, if any, likelihood of prejudice to the non-moving party should there be a vacation of the judgment, *cf. id.* at 325–26, 901 P.2d at 743–44.

{33} Under the first prong, parties seeking relief under Rule 1–060(B)(6) must demonstrate the "existence of exceptional circumstances and reasons for relief other than those set out in Rules 1–060(B)(1) through (5)." *Id.* at 324, 901 P.2d at 742 (quoting *Rodriguez v. Conant*, 105 N.M. 746, 750, 737 P.2d 527, 531 (1987)); *see also, Wehrle v. Robison*, 92 N.M. 485, 487, 590 P.2d 633, 635 (1979). Normally, claims of attorney negligence fall within the ambit of Rule 1–060(B)(1) and "absent additional facts demonstrating exceptional circumstances [it] is not sufficient to invoke [Rule] 1–060(B)(6)." *Ferri*, 120 N.M. at 325, 901 P.2d at 743. However, as *Ferri* states, "when an attorney's conduct rises to the level of *gross negligence*," as is claimed here, "the trial court may find exceptional circumstances warranting reopening a default judgment under SCRA 60(B)(6)." 120 N.M. at 325, 901 P.2d at 743.

{34} Plaintiffs claim that their attorney dismissed the case without their authority, consent, or knowledge. In addition, they claimed that even "[u]ntil April of 1996, eight months after the stipulated dismissal, their attorney misled Mr. Doberman into believing that the case was still pending and that he was reviewing discovery." Doberman's supplemental affidavit included a list of dates and times of one- or two-minute long-distance calls to their attorney's office and asserts that he inquired about the case and was told that everything was going fine.

{35} Plaintiffs claim that they knew nothing of the dismissals for lack of prosecution or subsequent reinstatements and that they never consented to the stipulated dismissal. In addition, they allege that on several occasions they contacted their attorney to inquire about the status of their case and were repeatedly told that "things were fine," even after entry of the final order of dismissal. Assuming arguendo, as the district court did, that plaintiffs' allegations were true, we could conclude that their attorney's conduct was sufficient to rise to the level of gross negligence, satisfying the first requirement under Rule 1–060(B)(6). *See L.P. Steuart, Inc. v. Matthews*, 329 F.2d 234, 235 (D.C.Cir.1964) (stating that Rule 60(b)(6) "is broad enough to permit relief when as in this case personal problems of counsel cause him grossly to neglect a diligent client's case and mislead the client."). In the present case, the district court found that "under *Ferri*, I would assume gross negligence [by plaintiffs' attorney]—or certainly there's a prima facie case having been made of gross negligence." We do not disturb that conclusion. We are satisfied, based on our review of the record, that the attorney's alleged conduct deviated "so far from the expected standard that it constituted gross neglect." Susan Marie Lapenta,

*Inryco, Inc. v. Metropolitan Engineering Co.: Inexcusable Neglect By Whom?*, 45 U.Pitt L.Rev 695, 700 (1984).

{36} To satisfy the second requirement, a moving party has the burden of "demonstrat[ing] that he or she was diligent in pursuing all claims but was thwarted in those efforts by the gross negligence of the attorney." *Ferri*, 120 N.M. at 326, 901 P.2d at 744; *see also Inryco, Inc. v. Metropolitan Eng'g Co.*, 708 F.2d 1225, 1234 (7th Cir.1983) (stating that "courts allowing [Rule 60(b) ] relief uniformly require a diligent, conscientious client").

{37} The district court found that plaintiffs had not made a prima facie case that it was reasonable to rely on the assertions of their attorney when nothing had happened in their case for a year-and-a-half before the dismissal for lack of prosecution. Having duly considered all of the evidence, the district court properly concluded that plaintiffs, under the *Ferri* standard, were not diligent in pursuing their claims. In supplemental affidavits detailing phone calls to their attorney, Doberman claims that he inquired about his case; however, he concedes that he was the attorney's tax consultant and that many of the calls may have been related to tax matters. Although other courts have granted Rule 1–060(B)(6) relief in cases where the moving party established that they took affirmative steps to pursue their claims, we are not mandated to do so. The district court was in a better position than we are, having presided over numerous delays and motions to dismiss and reinstate, to determine, based on all the Rule 1–060(B)(6) motion's supporting documents, whether plaintiffs failed to actively pursue their claim.

{38} Plaintiffs contend that this holding imposes a heretofore unrecognized duty on plaintiffs to keep abreast of their claims and "make the client responsible for keeping himself independently informed about the status of his case and his legal rights and obligations." We disagree. The *Ferri* standard reflects a balancing of equitable interests between parties. Thus, where a party is seeking relief from a final order, we believe that the moving party should not presumptively be assumed to have acted diligently.

{39} Under the third prong, the moving party must establish that its underlying claims were legitimate. Although the district court made no specific findings on this issue, we find it instructive that during an earlier hearing on plaintiffs' motion for reinstatement, the district court allowed plaintiffs' original attorney to orally respond to the court's questions concerning plaintiffs' allegations. We may assume that plaintiffs' claims, specifically those that survived Watson's two motions to dismiss, were legitimate if the district court saw fit to allow them to continue. Although the district court expressed some reservations about the legitimacy of plaintiffs' claims due to the limited amount of discovery that had occurred, we will not second guess the district court's decision to reinstate the case in April 1994.

{40} Finally, the moving party is required to demonstrate there is little likelihood of prejudice to the non-moving party should relief be granted. *Cf. Ferri*, 120 N.M. at 326, 901 P.2d at 744. The district court found that because plaintiffs would attempt to add new contract causes of action and reinstate other claims previously withdrawn, defendant would be prejudiced by a reinstatement of the action.

{41} Therefore, based on the findings of the district court that there was a substantial likelihood of prejudice to Watson and that the plaintiffs did not diligently pursue their claim, we conclude that plaintiffs failed to satisfy the Rule 1–060(B)(6) requirements for relief under *Ferri* and hold that the district court did not abuse its discretion by denying the motion.

## IV.

{42} For the foregoing reasons, we reverse the Court of Appeals and affirm the district court's denial of plaintiffs' Rule 1–060(B)(6) motion for relief.

{43} **IT IS SO ORDERED**

MINZNER, C.J., FRANCHINI, SERNA and MAES, JJ., concur.