GARCIA, Judge (concurring in part and dissenting in part). {33} I agree with the majority regarding its determination that the district court erred when it ruled that the PCA did not apply because an appropriate military interest existed to justify the OSI’s investigation. I write to respectfully dissent from the majority decision to apply the right for any reason doctrine that resulted in an affirmance of the lower court ruling on other grounds. {34} This Court will only apply a right for any reason doctrine when our reliance on new grounds would not be unfair to appellant. Meiboom, 2000-NMSC-004, ¶ 20, 128 N.M. 536, 994 P.2d 1154. On appeal, however, this Court “will not assume the role of the trial court and delve into ... fact-dependent inquiries.” Id. (alteration omitted) (internal quotation marks and citation omitted). We have specifically refrained from doing so “in the absence of any substantial evidence supporting what would be the right reason.” Allsup’s Convenience Stores, Inc. v. N. River Ins. Co., 1999-NMSC-006, ¶ 20, 127 N.M. 1, 976 P.2d 1 (filed 1998). “To do so without allowing [the pjlaintiffs the opportunity to develop the record ... [regarding] factual allegations would work undue prejudice upon them.” Pinnell v. Bd. of County Comm’rs, 1999-NMCA-074, ¶ 14, 127 N.M. 452, 982 P.2d 503. A finding of prejudice to the appellant is “especially apparent in [a] case [where the other party] never explicitly raised the issue below.” Id. {35} In this case, the district court incorrectly ruled that the PCA did not apply by failing to recognize the appropriate test established in Cooper, 1998-NMCA-180, ¶ 14, 126 N.M. 500, 972 P.2d 1, and failing to take any evidence regarding widespread and repeated violations of the Act, id. ¶ 21. By ruling that the PCA did not apply at the close of the State’s evidence during trial, the district court inappropriately thwarted Defendant’s opportunity to present factual evidence regarding potential widespread and repeated violations of the Act. Evidence regarding whether any widespread and repeated violations of the Act factually existed was not presented by either party prior to the district court’s premature and incorrect ruling on the PCA defense. This failure to develop the record or allow Defendant to proceed with his evidence before ruling on the applicability of the PCA was unfair and prejudicial. {36} It is clear that the PCA is an obscure and unique statutory provision that only applies to a rare number of cases. See id. ¶ 14; see also Pattioay, 896 P.2d at 922. The fact that Defendant did not discover or present this potential defense until the day before trial supports its obscurity. The additional time taken by the district court to familiarize itself with the Act also confirms how rarely our district courts deal with the PCA. Under these circumstances and the misapplication of the Act during trial, it is unfair to Defendant for this Court to utilize its position of careful scholarly review to affirm on grounds that were not raised or addressed below. See Pinnell, 1999-NMCA-074, ¶ 14, 127 N.M. 452, 982 P.2d 503. {37} The majority also noted that the PCA has not been recognized to create a Fourth Amendment protection. Walden, 490 F.2d at 376-77; Kealy, supra, at 406. As a result, various jurisdictions addressing the Act have applied different evidentiary rules and standards for analyzing whether evidence obtained in violation of the PCA should be excluded. See Pattioay, 896 P.2d at 922-25 (applying federal wiretapping authority and the supervisory power of the court); Roberts, 786 P.2d at 634-35 (refusing to apply the remedy of exclusion for violations of the PCA); Taylor, 645 P.2d at 524 (applying a case-by-case analysis to determine whether the conduct by law enforcement personnel rises to an intolerable level); Cooper, 1998-NMCA-180, ¶¶ 14, 21, 126 N.M. 500, 972 P.2d 1 (applying the exclusionary rule as a deterrent based upon widespread and repeated violations of the PCA). New Mexico appears to be one of the only states where a standard of reasonableness regarding the actions by law enforcement is not a consideration in determining whether evidence seized as a result of a violation of the PCA should be excluded. Cooper, 1998-NMCA-180, ¶ 21, 126 N.M. 500, 972 P.2d 1. {38} Defendant has asked this Court to reconsider whether egregious violations of the PCA should be deemed sufficient to apply an exclusionary rule. Until available evidence regarding any widespread and repeated violations of the PCA has been presented to the district court, this Court should not place itself in the position of reconsidering Cooper and considering a new exclusionary rule for PCA violations. As a result, this case should be remanded to the district court for a new trial. Defendant should also be allowed to present any evidence for consideration of whether the PCA applies and whether any evidence seized should be excluded.