This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**BEATRIZ DE LA ROSA and**
**RYAN SENFF**,

    Plaintiffs-Appellants,

v.                                               **NO. 30,155**

**PRESBYTERIAN HEALTHCARE**
**SERVICES, INC., a New Mexico**
**corporation, and JOHN DOES 1-10,**

    Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alan M. Malott, District Judge**

Crowley & Gribble, PC
Clayton E. Crowley
Albuquerque, NM

for Appellants

Keleher & McLeod, P.A.
Mary Behm
Regina Y. Moss
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Beatriz De La Rosa and Ryan Senff sued a hospital for failing to provide De La Rosa with a private room in the emergency room while she was undergoing a miscarriage. They appeal the district court's dismissal of their complaint pursuant to Rule 1-012(B)(6) NMRA. Because Plaintiffs' complaint did not state a claim for either negligence or for intentional infliction of emotional distress, we affirm.

**BACKGROUND**

Plaintiffs' complaint alleges that on March 19, 2007, De La Rosa—accompanied by Senff—went to an emergency room operated by Defendant Presbyterian Healthcare Services (PHS) for treatment of abdominal pain and vaginal bleeding. She was discharged that day due to lack of insurance. Because her symptoms continued, she called the hospital and was told to return to the emergency room. She did so, and Defendant's employees informed De La Rosa that she was likely miscarrying and there was nothing they could do for her. De La Rosa remained in the lobby in a wheelchair. Her miscarriage continued, and she went to the emergency room's bathroom and expelled the fetus and placenta. The bathroom's doorway was aligned in such a way that people in the emergency room could see De

La Rosa in the bathroom. Both De La Rosa and Senff were extremely distressed that De La Rosa's miscarriage occurred in view of others.

De La Rosa and Senff sued PHS, alleging negligence, intentional infliction of emotional distress, and negligent handling of human remains. Their complaint did not assert that PHS provided inadequate medical care, that PHS caused the miscarriage, or that PHS could have prevented the miscarriage. PHS moved to dismiss all three claims pursuant to Rule 1-012(B)(6), and the district court granted the motion. De La Rosa and Senff appeal the dismissal of their claims for negligence and intentional infliction of emotional distress. They do not appeal the dismissal of their claim for negligent handling of human remains.

**DISCUSSION**

**Standard of Review**

We review de novo the district court's dismissal of a claim under Rule 1-012(B)(6). *Valdez v. State*, 2002-NMSC-028, ¶ 4, 132 N.M. 667, 54 P.3d 71. "In reviewing a district court's decision to dismiss for failure to state a claim, we accept all well-pleaded factual allegations in the complaint as true and resolve all doubts in favor of sufficiency of the complaint." *Id.* We review the facts in this manner in order to determine whether the allegations in the complaint are legally sufficient to state a cause of action. *See id.*

4

**The Complaint Fails to State a Claim for Negligence**

Plaintiffs' complaint alleges negligence. "Negligence as a cause of action requires the proof of the following elements: duty, breach of that duty by failing to conform to the required standard, proximate cause, and loss or damage." *Payne v. Hall*, 2004-NMCA-113, ¶ 17, 136 N.M. 380, 98 P.3d 1030, *rev'd on other grounds*, 2006-NMSC-029, ¶ 18, 139 N.M. 659, 137 P.3d 599. Although the district court focused on the element of duty in determining whether De La Rosa and Senff's complaint stated a claim for negligence, its analysis was based on whether PHS had an obligation to protect De La Rosa and Senff from a particular form of injury—the emotional distress caused by a lack of privacy. Our analysis also turns on the kind of harm that De La Rosa and Senff allege, both because it is implicit in the district court's discussion of PHS's duty to De La Rosa and Senff and because, to the degree that it is not implicit, this Court can affirm the district court if it is right for any reason. *See Meiboom v. Watson*, 2000-NMSC-004, ¶ 20, 128 N.M. 536, 994 P.2d 1154 (stating that an appellate court may affirm a district court's ruling on a ground that was not relied on below if reliance on the new ground would not be unfair to the appellant).

In order to establish a claim for negligence, a plaintiff must allege some form of damage, harm, or injury. *See, e.g., Spurlin v. Paul Brown Agency, Inc.*, 80 N.M.

306, 307, 454 P.2d 963, 964 (1969) ("[T]here [is] no cause of action for negligence until there [has] been a resulting injury."); *Herrera v. Quality Pontiac*, 2003-NMSC-018, ¶ 6, 134 N.M. 43, 73 P.3d 181 (listing the elements of negligence, including damages). Here, the only injury alleged is the emotional injury of "severe emotional distress." The complaint asserts that PHS failed to advise De La Rosa and Senff about the availability of healthcare at another location and failed to provide privacy and "healthcare associated with childbirth," but it does not allege any physical injury or damage as a result of this conduct. The only damages alleged are emotional.

New Mexico permits recovery for emotional distress damages caused by negligent conduct in limited circumstances. *See Castillo v. City of Las Vegas*, 2008-NMCA-141, ¶ 22, 145 N.M. 205, 195 P.3d 870. Although a plaintiff can recover for emotional injuries caused by another's negligence, she may generally only do so if the conduct also caused a personal, physical injury. *See id.* ¶ 32 (holding that a plaintiff could not recover for emotional distress brought on by negligent conduct that caused damage to the plaintiff's property but did not cause any physical injury to the plaintiff); *cf. Higgins v. Hermes*, 89 N.M. 379, 381, 552 P.2d 1227, 1229 (Ct. App. 1976) (permitting recovery for emotional distress damages in a personal injury action where the plaintiff suffered a physical injury). As Plaintiffs have not alleged any

physical injury negligently caused by PHS, they cannot recover for emotional distress damages that accompany a personal injury.

When an emotional injury is the sole harm caused by another's negligence, recovery for emotional distress is limited to two situations: The first is when a bystander suffers "severe emotional shock as a result of witnessing a sudden, traumatic event that causes serious injury or death to a family member." *Fernandez v. Walgreen Hastings Co.*, 1998-NMSC-039, ¶ 6, 126 N.M. 263, 968 P.2d 774. The second is when a person fears that "the negligence of another has caused him or her to contract HIV through a medically sound channel of transmission." *See Madrid v. Lincoln Cnty. Med. Ctr.*, 1996-NMSC-049, ¶ 31, 122 N.M. 269, 923 P.2d 1154.

Plaintiffs' complaint does not state a claim for negligent infliction of emotional distress to a bystander. The elements of this type of claim are: (1) the plaintiff and the victim shared a marital or intimate family relationship; (2) the plaintiff suffered severe shock from the contemporaneous sensory perception of an accident; and (3) the accident caused physical injury or death to the victim. *Fernandez*, 1998-NMSC-039, ¶ 7. In addition, the plaintiff must prove the other elements of a cause of action in negligence. *Folz v. State*, 110 N.M. 457, 468-69, 797 P.2d 246, 257-58 (1990). Here, the complaint does not allege that PHS's negligence caused any sudden traumatic accident to occur. Instead, the complaint alleges that De La Rosa suffered a

miscarriage, for which the complaint ascribes no fault to PHS. To the degree that the sudden traumatic accident caused by PHS might be the fact of De La Rosa's having the miscarriage in a place where she could be viewed by others, rather than the fact of the miscarriage itself, the complaint does not allege that having the miscarriage in view of others caused either a physical injury or the death of any person. Accordingly, the complaint fails to state a claim for negligent infliction of emotional distress.

Nothing in De La Rosa and Senff's complaint suggests that PHS's conduct caused them to fear that they had contracted HIV, and therefore this version of the negligent infliction of emotional distress claim does not apply.

Because the complaint does not allege any personal injury caused by PHS, Plaintiffs cannot recover for emotional distress damages that accompany a negligently caused personal injury. Because the complaint does not allege any sudden traumatic accident negligently caused by PHS that resulted in physical injury or death to any person, or any negligent conduct that caused Plaintiffs to fear that they had contracted HIV, neither De La Rosa nor Senff can recover damages for negligently inflicted emotional distress unaccompanied by a physical injury. Therefore, the district court did not err in dismissing Plaintiffs' negligence claim.

**The Complaint Fails to State a Claim for Intentional Infliction of Emotional Distress**

8

A claim of intentional infliction of emotional distress requires a showing that (1) the defendant's conduct was extreme and outrageous; (2) the conduct was intentional or in reckless disregard of the plaintiff; (3) the plaintiff's mental distress was extreme and severe; and (4) there is a causal connection between the defendant's conduct and the plaintiff's mental distress. *Trujillo v. N. Rio Arriba Elec. Coop., Inc.*, 2002-NMSC-004, ¶ 25, 131 N.M. 607, 41 P.3d 333. In order to qualify as "extreme and outrageous," the conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (internal quotation marks and citation omitted). It is for the district court to determine as a matter of law whether the conduct at issue is so extreme and outrageous that it will permit recovery under the tort. *Id.* ¶ 26. It is only "[w]hen reasonable persons may differ on that question, [that] it is for the jury to decide, subject to the oversight of the court." *Id.* (internal quotation marks and citation omitted).

In this case, the conduct alleged in the complaint was that PHS failed to provide a private room for De La Rosa while she was having a miscarriage. The miscarriage was not alleged to constitute a medical emergency, and it was not alleged that the miscarriage or any other physical injury could have been prevented with medical treatment. The complaint does not allege that the private room was necessary for

9

medical purposes; only that it was necessary to protect Plaintiffs' feelings during a difficult and emotional event. Plaintiffs provide this Court with no authority that supports their argument that PHS's conduct in failing to provide a private room for such purposes was the kind of extreme and outrageous conduct that will support a claim for intentional infliction of emotional distress, and we presume that no such authority exists. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984). We agree with the district court that a hospital's failure to provide a room to a person who is undergoing a non-emergency medical event in order to provide that person with privacy does not, as a matter of law, constitute extreme and outrageous conduct.

**CONCLUSION**

The district court did not err in granting PHS's motion to dismiss Plaintiffs' claims for negligence and intentional infliction of emotional distress, and Plaintiffs do not appeal the dismissal of their claim for negligent handling of human remains. We therefore affirm the district court's order dismissing Plaintiffs' complaint with prejudice.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Chief Judge**

_____
**J. MILES HANISEE, Judge**