This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**S. LEIGH PARK,**

Plaintiff-Appellee,

**v.**                                        **No. A-1-CA-36302**

**NANCY ARCHBELL PARK,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**David K. Thomson, District Judge**

Campbell Trial Law, LLC
Michael Campbell
Santa Fe, NM

Coberly & Martinez, LLP
Kristina Martinez
Santa Fe, NM

for Appellee

Paul D. Gerber, LLC
Paul D. Gerber
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}    Defendant appeals from the district court's order denying her motion to set aside default judgment. Unpersuaded that Defendant established error, we issued a notice of proposed summary disposition, proposing to affirm. Defendant filed a memorandum in opposition to our notice, and Plaintiff filed a memorandum in support of our notice. We have considered the parties' responses and remain unpersuaded that the district court erred by refusing to set aside its default judgment. We, therefore, affirm.

{2}    We provide a brief summary of our proposed analysis and address only those arguments Defendant raises in response thereto. Defendant's docketing statement raised three issues that directly challenged the default judgment entered against her. [DS 5-7] Our notice observed that Defendant could not directly attack the judgment, because she did not timely appeal from that order. [CN 2-3] We also observed that, given the grounds for relief Defendant asserted and the timing of her motion to set aside, her motion for relief from the judgment was necessarily sought under Rule 1-060(B)(6) NMRA. [CN 3-4] We proposed to hold that Defendant made no showing or even a claim that her motion was filed within a reasonable time or that exceptional circumstances justified relief, in any manner contemplated by Rule 1-060(B)(6). [CN

4-6] Our notice explained to Defendant that in any response she may wish to file, she was required to specifically identify representations in Defendant's response that she disputes, explain how the record supports her version of events, and refer this Court to controlling authority that would tend to result in a conclusion that her motion was filed "within a reasonable time" under Rule 1-060(B)(6). [CN 5]

{3}     In response to our notice, Defendant contends that her motion was filed within a reasonable time because the delay caused no prejudice to Plaintiff [MIO 3] and because the impact of Plaintiff's current suit against her was not clear to her. [MIO 4] Defendant's contentions are non-responsive to any of our instructions and do not establish that her motion was filed within a reasonable time. *See, e.g.*, *Meiboom v. Watson*, 2000-NMSC-004, ¶ 24, 128 N.M. 536, 994 P.2d 1154 (stating the "reasonable time" determination involves "numerous factors, including: the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and the consideration of prejudice if any to other parties" (alterations, internal quotation marks, and citation omitted)).

{4}     Also in response to our notice, Defendant seems to argue that the exceptional circumstances warranting relief from the judgment consisted of the district court's error in granting relief that was not sought in the complaint. [MIO 5-7] Defendant

3

frames her argument as establishing a meritorious defense. [MIO 5] As we stated in our notice, however, Rule 1-060(B)(6) requires a showing of exceptional circumstances not otherwise listed in the rule, which does not include claims of judicial error, even if meritorious. *See Resolution Trust Co. v. Ferri*, 1995-NMSC-055, ¶¶ 10-14, 120 N.M. 320, 901 P.2d 738.

**{5}** Lastly, Defendant argues that the district court did not make findings suggesting that her motion was untimely or that her arguments failed to present exceptional circumstances. [MIO 7] Defendant represents that the district court addressed the merits of her challenge to the judgment and asks us to do the same. [MIO 7] The district court's order denying Defendant's motion to set aside the judgment contains no basis for its decision, [RP 262] and Plaintiff's response to Defendant's motion contains a thorough application of Rule 1-060(B) and analysis of all the matters upon which we rely. [RP 226-45] To the extent that Defendant relies on the district court's oral comments to form the basis of her arguments for reversal, we observe that error may not be predicated on the court's oral remarks, except where findings are mandatory and no written findings were entered. *See Seipert v. Johnson*, 2003-NMCA-119, ¶ 26, 134 N.M. 394, 77 P.3d 298; *Rangel v. Save Mart, Inc.*, 2006-NMCA-120, ¶ 26, 140 N.M. 395, 142 P.3d 983. Furthermore, "we can affirm if the district court was correct for any reason that was before it on the basis of the

4

presentations of the parties." *Romero v. Bd. of Cnty. Comm'rs*, 2011-NMCA-066, ¶ 7, 150 N.M. 59, 257 P.3d 404 (citing *Meiboom*, 2000-NMSC-004, ¶ 20).

{6}     For the reasons stated in our notice and in this opinion, we affirm the district court's order denying Defendant's motion to set the default judgment.

{7}     **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**M. MONICA ZAMORA, Judge**

_____
**STEPHEN G. FRENCH, Judge**