This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38750**

**JULIE STOCKARD,**

Plaintiff-Appellant,

v.

**PERFORMANCE FOOD SERVICE
OF DENVER and Their Employee,
JOHN DOE,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF ROOSEVELT COUNTY
Donna J. Mowrer, District Judge**

Grayson Law Office, LLC
Brian G. Grayson
Albuquerque, NM

Eaton & Eaton, P.C.
Kathryn L. Eaton
Albuquerque, NM

for Appellant

Quintairos, Prieto, Wood & Boyer, P.A.
Frank Alvarez
Dallas, TX

for Appellees

**MEMORANDUM OPINION**

**HANISEE, Chief Judge.**

**{1}**     Plaintiff appeals from the district court's order denying her Rule 1-060(B) NMRA motion for relief from a disposition order for lack of prosecution. We entered a notice of

proposed disposition, proposing to affirm. Plaintiff filed a memorandum in opposition to that notice, which we have duly considered. Unpersuaded, we affirm.

**{2}** On appeal, Plaintiff contends that she demonstrated excusable neglect was the basis for her case being dismissed for failure to prosecute, and that she was thus entitled to have the case reinstated. Our notice of proposed disposition proposed to affirm, based on the long delay in the case, demonstrated prejudice to Defendant, and our deference to the district court's assessment of whether Plaintiff had been pursuing her claim. We proposed to conclude that the district court did not abuse its discretion in denying Plaintiff's Rule 1-060(B)(1) motion. [CN 4] We further proposed that on appeal from the denial of a Rule 1-060(B) motion, this Court's appellate review is limited to the question of whether the denial was erroneous; we would not review the merits of the underlying decision that is sought to be reopened. [CN 5]

**{3}** In her memorandum in opposition, Plaintiff continues to assert that it was an abuse of discretion for the district court to deny relief from the dismissal of the case, as she contends that counsel's actions constituted excusable neglect and that dismissal was unnecessarily drastic, given the appellate courts' preference to dispose of cases on the merits. [MIO 9-10, 11-12]

**{4}** Plaintiff contends that the facts of counsel's neglect in this case were even more excusable than other circumstances where the appellate courts have found neglect to be excusable. [MIO 7] *See Kinder Morgan CO2 Co., L.P. v. State Tax'n & Revenue Dep't*, 2009-NMCA-019, ¶¶ 16-21, 145 N.M. 579, 203 P.3d 110. Plaintiff does not, however, engage with the "multi-factor balancing test to be applied when determining if any neglect is excusable" that must "tak[e] account of all relevant circumstances surrounding the party's omission." *Id.* ¶ 12 (internal quotation marks and cittion omitted). The four factors to be considered are:

> (1)     the danger of prejudice to the non-moving party;
>
> (2)     the length of the delay and its potential impact on judicial proceedings;
>
> (3)     the reason for the delay, including whether it was within the reasonable control of the movant; and
>
> (4)     whether the movant acted in good faith.

*Id.* (alteration, internal quotation marks, and citation omitted). In *Kinder Morgan*, upon which Plaintiff relies, this Court affirmed the district court's decision that a missed deadline was excusable neglect when: the opposing party suffered no prejudice; the two months of delay caused no impact to the opposing party; the negligent party did not act in bad faith; and the only factor weighing against reinstatement was that the missed deadline was due to negligent failure to calendar the deadline. *Id.* ¶¶ 16-21.

**{5}** Plaintiff did not respond to our calendar notice's reliance on the fact that the district court analyzed and weighed the four *Kinder Morgan* factors. The district court found that in this case there were multiple instances of prejudice to the Defendant, and the length of delay was two years. [CN 4] The district court noted that although Plaintiff's asserted reason for the delay was counsel's personal issues that began in June 2018, Plaintiff also failed to respond to a motion to compel as early as April 2018. [CN 4] The district court made no finding of bad faith by Plaintiff. [CN 4]

**{6}** Plaintiff's continued focus on the nature of the reasons for counsel's failures does not persuade us that the district court abused its discretion in assessing and weighing the foregoing factors. The prejudice and length of delay, as well as the district court's reference to repeated failures by Plaintiff's counsel in the case, all support our determination that the district court did not abuse its discretion in this case. [CN 4] *See id.* ¶ 9 ("An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. . . . When there exist reasons both supporting and detracting from a trial court decision, there is no abuse of discretion." (internal quotation marks and citation omitted)); *see also Meiboom v. Watson*, 2000-NMSC-004, ¶ 29, 128 N.M. 536, 994 P.2d 1154 ("To reverse the trial court it must be shown that the court's ruling exceeds the bounds of all reason or that the judicial action taken is arbitrary, fanciful, or unreasonable." (omission, internal quotation marks, and citation omitted)).

**{7}** To the extent Plaintiff contends that dismissal was too harsh a consequence due to the principle that cases generally should be determined on their merits, we remain unpersuaded that the district court's denial of Plaintiff's motion for relief from the dismissal was an unreasonable determination. *See Kinder Morgan*, 2009-NMCA-019, ¶ 13 (recognizing "that the district court's intimate familiarity with such circumstances puts it in a better position than an appellate court to determine whether a party truly failed to actively pursue a claim"); *see also Meiboom,* 2000-NMSC-004, ¶ 29. As outlined above, the district court appears to have reasonably weighed the *Kinder Morgan* four factors and it was not an abuse of discretion to deny reinstatement.

**{8}** We also note that, to the extent that Plaintiff generally repeats many of the same arguments presented in the docketing statement, Plaintiff has failed to demonstrate error by the district court in denying her motion for relief from the order dismissing the case. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact[,]" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{9}** Accordingly, and for the reasons stated in our notice of proposed disposition, we affirm.

**{10}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**MEGAN P. DUFFY, Judge**