This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40397**

**BRYCE FRANKLIN,**

Plaintiff-Appellant,

v.

**HARLEY JARAMILLO and THE GEO GROUP CORPORATION,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Bryan P. Biedscheid, District Court Judge**

Bryce Franklin
Grants, NM

Pro Se Appellant

YLaw, P.C.
Michael S. Jahner
Albuquerque, NM

for Appellees

### MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}** Plaintiff appeals from a district court order denying various motions directed at an order granting judgment against him on his complaint. We issued a calendar notice proposing to affirm. Plaintiff has responded with a memorandum in opposition. We affirm.

**{2}** As we set forth in our calendar notice, the final, appealable order was filed on May 21, 2021. [RP 419] Plaintiff did not file a notice of appeal within thirty days. *See*

Rule 12-201(A) NMRA. Instead, Plaintiff filed three separate post-judgment motions: a motion to reopen the matter to permit him to amend his complaint, a motion to certify an issue for interlocutory appeal, and a motion to reconsider. [RP 422, 424, 478] All three of these motions were filed outside the time allowed for filing a timely motion to reconsider or a notice of appeal. *See* Rule 12-201(D)(1)(c) NMRA. Defendant then filed a notice of appeal from the district court order denying these motions. [RP 562, 568] Our calendar notice therefore construed Plaintiff's motions as motions made pursuant to Rule 1-060(B) NMRA, and we limited our appellate review accordingly. *Cf. Martinez v. Friede*, 2004 NMSC-006, ¶ 17, 135 N.M. 171, 86 P.3d 596 (noting that a district court's power to reopen judgment and grant a new trial under Rule 1-060(B) has "no effect on the parties' ability to calculate the time in which they must file their notice of appeal . . . because a motion under Rule 1-060(B) does not affect the finality of a judgment or suspend its operation" (internal quotation marks and citation omitted)), *superseded by rule on other grounds as stated in State v. Moreland*, 2008-NMSC-031, 144 N.M. 192, 185 P.3d 363. We review the district court's ruling for an abuse of discretion. *See James v. Brumlop*, 1980-NMCA-043, ¶ 9, 94 N.M. 291, 609 P.2d 1247 ("An appeal from the denial of a Rule [1-0]60(B) motion cannot review the propriety of the judgment sought to be reopened; the trial court can be reversed only if it is found to have abused its discretion in refusing to grant the motion.").

{3}     In his memorandum in opposition, Plaintiff contends that the motions should be considered timely filed under Rule 1-005(H) NMRA, which states that the date of filing will be considered to be the date that an inmate places the document in the institution's internal mailing system. Under Rule 1-005(H)(5), a presumption of timeliness was created by Defendant's sworn statement that he had satisfied this provision for purposes of timeliness. However, Defendants challenged the veracity of Plaintiff's sworn statement, relying in particular on the failure to timely attempt service. [RP 491] This created a fact dispute for the district court to resolve, and it determined that the motions were not timely filed. [RP 562] We defer to the district court. *See VanderVossen v. City of Española*, 2001-NMCA-016, ¶ 26, 130 N.M. 287, 24 P.3d 319 (explaining that this Court exercising appellate jurisdiction is not a fact finding body). As such, we consider the merits of Plaintiff's claims under Rule 1-060(B).

{4}     Rule 1-060(B)(1)-(6) sets forth a number of grounds for setting aside a judgment. Our calendar notice proposed to hold that the district court did not abuse its discretion in denying Rule 1-060(B) relief. [RP 422, 424, 478] Specifically, Plaintiff's motion to amend his complaint was based on his assumption that he could rely on the rule that governs amendments to pleadings during the course of the litigation, and not whether there was a ground that offered relief under Rule 1-060(B). [RP 422] *See* Rule 1-015 NMRA. Similarly, Plaintiff's request for interlocutory relief was based on the wrong assumption that the case was still at the interlocutory (i.e. non-final) stage. [RP 424] Finally, although Plaintiff's motion for reconsideration referred to Rule 1-060(B)(6), Plaintiff's motion and its attachments did not establish exceptional circumstances sufficient to show that the district court abused its discretion in denying the motion. *See Meiboom v. Watson*, 2000-NMSC-004, ¶ 33, 128 N.M. 536, 994 P.2d 1154 (stating that "parties seeking relief under Rule 1-060(B)(6) must demonstrate the existence of exceptional

circumstances and reasons for relief other than those set out in Rule 1-060(B)(1)[-](5).”). Instead, Plaintiff merely presented materials that could have been used to respond to Defendants during the course of the litigation. *See* Rule 1-060(B)(2) (permitting relief from a judgment or order based on "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial").

**{5}** Based on the above, our calendar notice proposed to hold that the district court did not abuse its discretion in denying the motions to set aside the judgment. *See Benz v. Town Ctr. Land, LLC*, 2013-NMCA-111, ¶ 11, 314 P.3d 688 (stating that "[a]n abuse of discretion occurs when a ruling is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case"). Plaintiff's memorandum in opposition does not raise any Rule 1-060(B) basis for setting aside the final judgment, and he has therefore not persuaded us that the calendar notice was incorrect. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**{6}** For the reasons set forth above, we affirm.

**{7}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JANE B. YOHALEM, Judge**