This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**PATRICIA BOURGOYNE,**

Petitioner-Appellee,

v. **NO. 33,916**

**STEPHANIE BOURGOYNE n/k/a**
**STEPHANIE BALDWIN,**

Respondent-Appellant,

and

**IN THE MATTER OF THE KINSHIP**
**GUARDIANSHIP OF SEAN B. and**
**MICHAEL B.**

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Elizabeth E. Whitefield, District Judge**

Atkinson & Kelsey, P.A.
Tatiana D. Englemann
Albuquerque, NM

for Appellee

Harris Law
Don F. Harris
Albuquerque, NM

for Appellant

Laura Cass
Albuquerque, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**VANZI, Judge.**

{1}	Respondent Stephanie Bourgoyne k/n/a Stephanie Baldwin (Appellant) appeals from the district court's order adopting the guardian ad litem's (GAL) recommendations and declining to revoke guardianship. This Court's first calendar notice proposed to affirm the district court. Appellant filed a memorandum in opposition. The children's guardian, Patricia Bourgoyne (Appellee), filed a memorandum in support of this Court's proposed disposition. We are not persuaded by Appellant's arguments and affirm the district court's order.

{2}	Appellant continues to argue that the GAL's report was inadmissible hearsay, and the district court's reliance on it for its judgment cannot be said to be harmless. [MIO 2] To the extent Appellant argues it was predicated on inadmissible hearsay statements, we disagree. *See Thomas v. Thomas*, 1999-NMCA-135, ¶ 25, 128 N.M. 177, 991 P.2d 7 (recognizing that bases of GAL's expert opinion on whether child was abused need not be admissible in evidence under Rule 11-703 NMRA and "[t]here is no requirement that the trial court hear direct testimony from individuals, be they

2

counselors, teachers, medical professionals, or others, to whom the GAL has spoken in coming to her recommendations").

**{3}** Insofar as Appellant argues it was also prejudicial, we conclude that any prejudice was outweighed by the highly probative value of the GAL's opinion in this type of case. The GAL has a duty to investigate the circumstances surrounding the petition for guardianship, visit the child's home, and interview the guardian and parents. NMSA 1978, § 40-10B-10(A) (2001). The GAL has direct contact with the children and acts as a "'best interests attorney' who shall provide independent services to protect the child's best interests . . . who shall make findings and recommendations" and "fil[e] the recommendations with the court." Rule 1-053.3(C) & (F)(4) NMRA; *see also* § 40-10B-10(C) (requiring guardian ad litem to "report to the court concerning the best interests of the child"). We therefore affirm the admission of the GAL report into evidence. *See Dewitt v. Rent-A-Center, Inc.*, 2009-NMSC-032, ¶ 13, 146 N.M. 453, 212 P.3d 341 ("With respect to the admission or exclusion of evidence, we generally apply an abuse of discretion standard where the application of an evidentiary rule involves an exercise of discretion or judgment[.]"); *Thomas*, 1999-NMCA-135, ¶ 25 (finding no error in the court's adoption of the GAL's recommendation, as it not uncommon since the GAL has direct contact with the children).

3

**{4}** Appellant continues to argue that the district court erred in denying her discovery requests for the children's medical, therapist, and school records in order to rebut the GAL's opinion. [MIO 8-9] This Court reasoned that it was not an abuse of discretion because it was unlikely these records contained any information to assist Appellant in showing a change of circumstances. [CN 6] Appellant asserts that she wanted access to all of the records justifying the GAL's opinion and preventing her from seeing the children. [MIO 8]

**{5}** We conclude that Appellant has not met her burden of showing an abuse of discretion in the district court's ruling to limit the discovery of these records. *See DeTevis v. Aragon*, 1986-NMCA-105, ¶ 10, 104 N.M. 793, 727 P.2d 558 ("Although the rules favor allowance of liberal pretrial discovery, the trial court is vested with discretion in determining whether to limit discovery." (citation omitted)). The district court reasoned that limited releases of the therapist's records could be signed so that Appellant would be aware of any therapeutic recommendations for the children. [RP 218] We cannot say that releasing certain records for this limited purpose was an abuse of discretion. *See Reaves v. Bergsrud*, 1999-NMCA-075, ¶ 13, 127 N.M. 446, 982 P.2d 497 (stating that an abuse of discretion "occurs when the [district] court's ruling is against the facts, logic, and circumstances of the case or is untenable or unjustified by reason"). Appellant has not shown how the records were demonstrably relevant, in particular, to her burden of showing that her circumstances changed such

4

termination of the guardianship was warranted. *See id.* ¶ 23 (stating that, where the requested information is not demonstrably relevant to the proponent's claims, a district court does not abuse its discretion in denying discovery); *see also Romero v. Bd. of Cnty. Comm'rs*, 2011-NMCA-066, ¶ 7, 150 N.M. 59, 257 P.3d 404 ("[W]e can affirm if the district court was correct for any reason that was before it on the basis of the presentations of the parties."). Therefore, we conclude that Appellant has not shown how she was prejudiced. *See Doe v. Roman Catholic Diocese of Boise, Inc.*, 1996-NMCA-057, ¶ 21, 121 N.M. 738, 918 P.2d 17 (stating that the party challenging a limitation on discovery must show an abuse of discretion and prejudice).

{6}     Appellant continues to assert that there was insufficient evidence to support the district court's decision. [DS 12, MIO 6, 12] It was Appellant's burden to prove a change in circumstances and that the revocation was in the children's best interests. *See* NMSA 1978, § 40-10B-12(B) (2001). This Court's first notice proposed to conclude that the GAL's opinion provided justification for the conclusion that Appellant failed to demonstrate that, in the seven years since the children were placed in the Appellee's care, there was a change of circumstances, or that the revocation was in the children's best interests. [CN 6-7] The children had been in Appellee's care for seven years with little contact or financial assistance from Appellant; Appellant had not demonstrated an ability to parent; Appellant went approximately six (6) years without consistent visits with the children; Appellant started but did not complete

parenting classes; the children's therapists had significant concerns about their contact with Appellant; Appellee provided many special services for the children through referrals to specialized providers to meet their emotional and basic needs; and Appellee and the children were very bonded to each other. [RP 147-149] We cannot say it was an abuse of discretion to rule that, based on these factual circumstances, keeping the guardianship in place was in the children's best interests. *See Campbell v. Alpers*, 1990-NMCA-037, ¶ 20, 110 N.M. 21, 791 P.2d 472 (recognizing that "in child custody modification proceedings, there is a presumption of reasonableness in favor of the previous custody order, and the burden is on the party seeking a modification to show that there has been a substantial change of circumstances affecting the child's welfare").

{7}     Appellant further argues that the district court did not properly apply the parental preference presumption at the revocation hearing and instead required Appellant to bear the burden of proof throughout the entire proceeding. [MIO 4] *See* NMSA 1978, § 40-10B-2(A) (2001) ("It is the policy of the state that the interests of children are best served when they are raised by their parents."). Appellant asserts that, although she bore the initial burden of proof of showing changed circumstances, the statute is silent on which party bears the burden of proof after the parent has demonstrated changed circumstances. [MIO 4-5] We need not address this argument

because we conclude that Appellant did not meet her initial burden of demonstrating changed circumstances or that revocation was in the best interests of the children.

{8}    For all of the above reasons and those stated in this Court's first notice of proposed disposition, we affirm.

{9}    **IT IS SO ORDERED.**


_____
                        **LINDA M. VANZI, Judge**

**WE CONCUR:**


_____
**RODERICK T. KENNEDY, Judge**


_____
**J. MILES HANISEE, Judge**