**FEDERAL NATIONAL MORTGAGE ASSOCIATION V. CHAVEZ**

This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**FEDERAL NATIONAL MORTGAGE ASSOCIATION,**
**Plaintiff-Appellee,**
**v.**
**STEVEN J. CHAVEZ a/k/a STEVE CHAVEZ a/k/a STEVEN CHAVEZ,**
**Defendant-Appellant,**
**and**
**NEW MEXICO DEPARTMENT OF WORKFORCE SOLUTIONS**
**BENEFIT PAYMENT CONTROL SECTION;**
**DEX ONE CORPORATION;**
**MESA RIDGE APARTMENTS LLC d/b/a MESA RIDGE APARTMENTS;**
**and YELLOW BOOK SALES & DISTRIBUTION COMPANY, INC.,**
**Defendants.**

NO. A-1-CA-37328

COURT OF APPEALS OF NEW MEXICO

February 14, 2019

APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY, Alan M. Malott, District Judge

**COUNSEL**

Rose L. Brand & Associates, P.C., Eraina M. Edwards, Albuquerque, NM, for Appellee

Rachel O. Woods, Albuquerque, NM, for Appellant

**JUDGES**

LINDA M. VANZI, Judge. WE CONCUR: JULIE J. VARGAS, Judge, KRISTINA BOGARDUS, Judge

**AUTHOR:** LINDA M. VANZI

**MEMORANDUM OPINION**

**VANZI, Judge.**

{1}     Defendant Steven J. Chavez appeals from the district court's foreclosure judgment and order for foreclosure sale. [2 RP 269] In this Court's notice of proposed disposition, we proposed to summarily affirm. Appellant filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

{2}     We initially note that in our calendar notice, we suggested that Appellant's issues (a) through (d) were unpreserved. Appellant makes no argument in his memorandum in opposition regarding issues a and b, so those are deemed abandoned. *See State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (explaining that when a case is decided on the summary calendar, an issue is deemed abandoned when a party fails to respond to the proposed disposition of that issue).

{3}     With regard to issues (c) and (d), Appellant argues that they were preserved, pointing to the record to indicate where such arguments were made. [MIO 1-2] Appellant also continues to argue issue e, which was addressed in our calendar notice. Thus, Appellant's three issues are as follows: (c) the district court erred by finding that NMSA 1978, Section 47-1-7 (1901) is not applicable to the note indorsement and assignments of mortgage, as they did not involve a conveyance of real property; (d) Plaintiff Fannie Mae improperly sought "enforcement of the [m]ortgage, as the [m]ortgagee by way of a transfer of the [m]ortgage which ignores" NMSA 1978, Section 47-1-4 (1865); and (e) Fannie Mae improperly sought "enforcement of the [m]ortgage, as the [m]ortgagee by way of a transfer of the [m]ortgage which ignores" Section 47-1-7. [DS 3; CN 3-5; *see also* MIO 2-5] These issues are related and essentially argue that the note was not properly indorsed and that MERS did not have the authority to assign the mortgage and/or record the assignment of mortgage and/or that the assignment of mortgage was ineffective absent some additional authority granted and recorded. [*See* DS 3, 6-9; MIO 2-5]

{4}     Section 47-1-4 states that "[a]ny person or persons, or body politic, holding, or who may hold, any right or title to real estate in this state, be it absolute or limited, in possession, remainder or reversion, may convey the same in the manner and subject to the restrictions prescribed in this chapter." Section 47-1-7 states:

> All powers of attorney or other writings containing authority to convey real estate, as agent or attorney of the owner of the same, or to execute, as agent for another, any conveyance of real estate, or by which real estate may be affected in law, or equity, shall be acknowledged, certified, filed and recorded, as other writings conveying or affecting real estate are required to be acknowledged. No such power of attorney, or other writing, filed and recorded in the manner prescribed in this section, shall be considered revoked by any act of the party executing the same, until the instrument of writing revoking the same, duly acknowledged and certified to, shall be filed for record and recorded in the office of the county clerk where said power of attorney or other writing is filed and recorded.

In our calendar notice, we suggested that Section 47-1-7 was inapplicable because it applies to conveyances of real property, not negotiable instruments. [CN 4] Appellant argues that this is not always true, and we agree and clarify.

**{5}** As the statute states, *see High Ridge Hinkle Joint Venture v. City of Albuquerque*, 1998-NMSC-050, ¶ 5, 126 N.M. 413, 970 P.2d 599 (stating that "the plain language of a statute is the primary indicator of legislative intent" and that we "give the words used in the statute their ordinary meaning unless the [L]egislature indicates a different intent" (internal quotation marks and citations omitted)), Section 47-1-7 is intended to apply to powers of attorney or other writings that contain authority (a) to convey real estate, as agent or attorney of the owner of the same, (b) to execute, as agent for another, or (c) by which real estate may be affected in law or equity. Section 47-1-4. In the present case, we do not have any powers of attorney or conveyances of real estate, but we do have "other writings that contain authority . . . by which real estate may be affected in law or equity[.]" Section 47-1-7. Thus, Section 47-1-7 requires that such writing must be "acknowledged, certified, filed and recorded, as other writings conveying or affecting real estate are required to be acknowledged."

**{6}** In the context of Appellant's argument, this requires that the indorsements of note and assignments of mortgage be acknowledged, certified, filed, and recorded. *See id.* [*See* DS 3; MIO 2-5] However, a promissory note, and, indeed, the note at issue in the present case [*see* 1 RP 9-13], does not convey or affect real estate in law or in equity—rather, a note is a negotiable instrument by which one party agrees to owe another party pursuant to the terms of the instrument. *See* NMSA 1978, § 55-3-104 (1992). As such, to the extent Appellant argues that the district court erred in finding that Section 47-1-7 is inapplicable to the note indorsements [DS 3], we disagree and affirm the district court.

**{7}** We thus turn to Appellant's arguments that the district court erred in finding that Section 47-1-7 was inapplicable to the assignments of mortgage and that Fannie Mae improperly sought enforcement of the mortgage by way of a transfer of the mortgage that ignores Section 47-1-7. [DS 3; MIO 2-5] As indicated above, Section 47-1-7 requires that the mortgage assignments must be "acknowledged, certified, filed and recorded, as other writings conveying or affecting real estate are required to be acknowledged." *See* § 47-1-7. According to our review of the record, it appears that the mortgage and each of its assignments was, indeed, acknowledged, certified, filed, and recorded. [*See* 1 RP 14-30, 35, 36] In his memorandum in opposition, Appellant has provided no reference to the record to indicate that this is not true. Rather, he simply contends that Plaintiff "cannot show transfer of the [m]ortgage or [n]ote compliant with [Section] 47-1-7 and so fails its jurisdictional prerequisite for a cause of action." [MIO 5] Accordingly, we affirm the district court's determination that the mortgage was properly assigned and/or that Section 47-1-7 did not render such assignment ineffective. *See Romero v. Bd. of Cty. Comm'rs*, 2011-NMCA-066, ¶ 7, 150 N.M. 59, 257 P.3d 404 ("[W]e can affirm if the district court was correct for any reason that was before it on the basis of the presentations of the parties.").

**{8}** To the extent Appellant is attempting to argue that Plaintiff did not have standing to pursue this action for some reason other than that it purportedly "ignore[d] Section 47-1-7" [*see* DS 3; MIO 5], we decline to address the undeveloped argument. *See Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed."); *see also Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("We will not review unclear arguments, or guess at what a party's arguments might be." (alteration, internal quotation marks, and citation omitted)).

**{9}** To the extent Appellant intends to argue that MERS did not have the authority as nominee to assign the mortgage on behalf of the lender [*see* DS 7-8], this argument has been addressed by this Court and our Supreme Court, and we decline to revisit it. *See Flagstar Bank, FSB v. Licha*, 2015-NMCA-086, ¶ 17, 356 P.3d 1102, *abrogated on other grounds recognized by PNC Mortg. v. Romero*, 2016-NMCA-064, ¶ 18, 377 P.3d 461; *see also Bank of N.Y. v. Romero*, 2014-NMSC-007, ¶ 35, 320 P.3d 1 ("As a nominee for [the lender] on the mortgage contract, MERS *could assign the mortgage* but lacked any authority to assign the [borrowers'] note." (emphasis added)). And to the extent Appellant intends to argue that MERS's assignment of the mortgage somehow implicates Section 47-1-7 and imposes a requirement that MERS *and* the lender on whose behalf MERS acted must both sign, etc., an otherwise properly recorded assignment of mortgage in order for it to be effective [*see* DS 7, 9], we note that Appellant has failed to provide any authority in support of such a conclusion, and, again, we decline to address the undeveloped argument. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists."); *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *see also Elane Photography, LLC*, 2013-NMSC-040, ¶ 70; *Corona*, 2014-NMCA-071, ¶ 28.

**{10}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

**{11} IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**JULIE J. VARGAS, Judge**

**KRISTINA BOGARDUS, Judge**