This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39964**

**BRIAN CROCKETT and CHERREE CROCKETT,**

      Plaintiffs-Appellants,

v.

**NORTHLAND LINKS, LLC; LORA VILLA; and GLORIA GAMBINI,**

      Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Victor S. Lopez, District Court Judge**

ACLU of New Mexico
Leon Howard
Elinor Rushforth
Nadia Cabrera-Mazzeo
Albuquerque, NM

for Appellants

Lewis Brisbois Bisgaard & Smith, LLP
Elizabeth G. Perkins
Albuquerque, NM

for Appellees

### MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}** Plaintiffs Brian and Cheree Crockett filed suit against Defendants Northland Links, LLC, Lora Villa, and Gloria Gambini (Defendants), alleging wrongful eviction for violation of the notice requirements under the Uniform Owner-Resident Relation Act

(UORRA), NMSA 1978, §§ 47-8-1 to -52 (1975, as amended through 2007), breach of contract, prima facie tort, and punitive damages. The district court granted Defendants' motion for summary judgment, concluding that no wrongful eviction occurred because no eviction proceedings were initiated against Plaintiffs, Defendants did not breach the lease agreement when asking Plaintiffs to vacate the apartment, and Plaintiffs failed to establish a prima facie tort or punitive damages. Plaintiffs appeal the grant of summary judgment with regard to their wrongful eviction and breach of contract claims. Plaintiffs argue: (1) the district court's dismissal of their wrongful eviction claim exclusively upon a finding that no formal eviction proceedings were initiated against Plaintiffs was error because UORRA applies to the relationship between Mr. Crockett and Defendants; (2) Defendants failed to comply with UORRA's notice requirement for terminating a lease after terminating Mr. Crockett's employment; and (3) the employer-employee exception to UORRA, Section 47-8-9(E), does not apply to Mr. Crockett's relationship with Defendants. We affirm.

**DISCUSSION**

**{2}**     We review a grant of summary judgment de novo. *Zamora v. St. Vincent Hosp.*, 2014-NMSC-035, ¶ 9, 335 P.3d 1243. "Summary judgment is appropriate in the absence of any genuine issues of material fact and where the movant is entitled to judgment as a matter of law." *Id.* Plaintiffs, in this Court and in the district court, have identified no disputed facts underlying Defendants' motion for summary judgment, or the district court's order granting summary judgment.[1] "Accordingly, if no material issues of fact are in dispute and an appeal presents only a question of law, we apply de novo review and are not required to view the appeal in the light most favorable to the party opposing summary judgment." *NM-Emerald, LLC v. Interstate Dev., LLC*, 2021-NMCA-020, ¶ 8, 488 P.3d 707 (internal quotation marks and citation omitted).

**{3}**     Plaintiffs' arguments on appeal require us to interpret provisions of UORRA and to review the terms of the lease agreement and lease addendum (addendum). We interpret statutes de novo. *See White v. Farris*, 2021-NMCA-014, ¶ 12, 485 P.3d 791. Because a lease agreement is a form of contract, principles of contract law guide our interpretation. *See* § 47-8-4 (stating that the "law relating to capacity to contract" supplements the provisions of UORRA unless otherwise displaced); *see also Roser v. Hufstedler*, 2023-NMCA-040, ¶ 23, 531 P.3d 615 (stating "both UORRA and contract law provide protections" to the parties subject to a rental agreement). "We review a district court's interpretation of an unambiguous contract de novo." *Benz v. Town Ctr. Land, LLC*, 2013-NMCA-111, ¶ 31, 413 P.3d 688 (internal quotation marks and citation omitted). "We view the contract as a harmonious whole, give meaning to every provision, and accord each part of the contract its significance in light of other provisions." *Id.* (text only) (citation omitted). "The purpose, meaning, and intent of the

---

[1]Although Plaintiffs argue that material facts are in dispute that prevent the granting of summary judgment, Plaintiffs do not indicate what, if any, facts are actually disputed. "Claimed disputed facts cannot serve as a basis for denying summary judgment." *Vigil v. Taintor*, 2020-NMCA-037, ¶ 4, 472 P.3d 1220 (internal quotation marks and citation omitted).

parties to a contract is to be deduced from the language employed by them; and where such language is not ambiguous, it is conclusive." *Id.* (text only) (citation omitted).

{4}     We turn first to Plaintiffs' contention that the dismissal of their wrongful eviction claim, based upon a finding that formal eviction proceedings had not been initiated, was in error because the district court was required to first determine whether the UORRA applied to their lease. Although Plaintiffs styled their first cause of action as a "[w]rongful [e]viction," the substance of their claim was that Defendants provided insufficient notice under UORRA when terminating the lease and Plaintiffs' injuries arose from Defendants' failure to abide with UORRA's notice provisions. *Birdo v. Rodriguez*, 1972-NMSC-062, ¶¶ 6-7, 84 N.M. 207, 501 P.2d 195 (looking to the substance not the form or title of a claim to determine if requested relief can be granted). Therefore we consider whether formal eviction proceedings are a prerequisite to bringing a cause of action for violation of UORRA's notice provisions.

{5}     "In interpreting statutes, we seek to give effect to the Legislature's intent, and in determining intent we look to the language used and consider the statute's history and background." *Valenzuela v. Snyder*, 2014-NMCA-061, ¶ 16, 326 P.3d 1120 (internal quotation marks and citation omitted). "New Mexico courts have long honored" statutory language as the "primary, essential source" of a statute's meaning "through application of the plain meaning rule, recognizing that when a statute contains language which is clear and unambiguous, we must give effect to that language and refrain from further statutory interpretation." *Truong v. Allstate Ins. Co.*, 2010-NMSC-009, ¶ 37, 147 N.M. 583, 227 P.3d 73 (alteration, internal quotation marks, and citations omitted). "Statutes must also be construed so that no part of the statute is rendered surplusage or superfluous, and we will not read into a statute language which is not there." *Am. Fed'n of State, Cnty. & Mun. Emps. v. City of Albuquerque*, 2013-NMCA-063, ¶ 5, 304 P.3d 443 (text only) (citations omitted).

{6}     The Legislature enacted UORRA in part to "simplify, clarify, modernize and revise the law governing the rental of dwelling units and the rights and obligations of owner and resident." Section 47-8-2. UORRA provides that its remedies "shall be so administered that the aggrieved party may recover damages as provided in the [UORRA]" and that "[a]ny right or obligation declared by the [UORRA] is enforceable by action unless the provision declaring it specifies a different and limited effect." Section 47-8-6(A)-(B).

{7}     There is no language in Sections 47-8-2 and 47-8-6(A)-(B) restricting a party's ability to bring an action for damages under UORRA to those instances in which eviction proceedings have been initiated. Although Section 47-8-6(B) does state that "[a]ny right or obligation declared by [UORRA] is enforceable by action unless the provision declaring it specifies a different and limited effect," Defendants have not directed this Court to a provision in URORRA declaring formal evictions proceedings are a condition precedent to pursuing an action for violation of UORRA's notice requirements. We therefore conclude that formal eviction proceedings are not a condition precedent to pursuing a cause of action based on a violation of UORRA's notice requirements. To

hold otherwise would require that we read language into Section 47-8-38, which we will not do. *See City of Albuquerque*, 2013-NMCA-063, ¶ 5.

**{8}** However, our inquiry is not over because Defendants contend UORRA did not apply because they did not have a landlord-tenant relationship with Mr. Crockett. Specifically, Defendants contend that because they provided the apartment to Mr. Crockett as an accommodation to his employment, and the addendum provides Defendants with the option of asking Mr. Crockett to vacate the apartment upon his termination, the relationship they had with Mr. Crockett fell under the employer-employee exemption listed in Section 47-8-9(E).

**{9}** The exemption in Section 47-8-9(E) states that "occupancy by an employee of an owner pursuant to a written rental or employment agreement that specifies the employee's right to occupancy is conditional upon employment in and about the premises" is exempt from UORRA's requirements. When the language of the statute at issue is clear, "we must give effect to that language and refrain from further statutory interpretation." *Truong*, 2010-NMSC-009, ¶ 37 (internal quotation marks and citation omitted).

**{10}** There is no dispute that Mr. Crockett worked as an assistant community manager for Defendants and was therefore an employee. The question is whether Mr. Crockett's right to occupy the apartment was conditional upon his employment. Plaintiffs contend Section 47-8-9(E) does not apply because the addendum does not specify that Mr. Crockett's occupancy rights were conditional upon his employment. The addendum, signed the day after the lease agreement, states,

> Resident acknowledges that the Apartment is being provided to him or her pursuant to the terms of the Lease as an accommodation because he or she is an employee of [Defendants]. Notwithstanding anything in the Lease to the contrary, Resident and all occupants agree to vacate the Apartment upon thirty (30) days notice from [Defendants] for any reason or no reason at all; provided, however, if Resident's employment with [Defendants] is terminated at any time for any reason, whether voluntarily or involuntarily, [Defendants] may also, in its sole discretion, request that a separated employee and all occupants vacate the premises within three (3) business days of such termination. If Resident does not vacate the Apartment as required above, Resident shall be obligated to pay the then Community market rent for the Apartment for so long as Resident remains in the Apartment, together with the Community's then month-to-month premium. As indicated by my signature below, I accept and agree to these terms as part of my employment with [Defendants]. I understand that nothing in this document alters my at-will status.

**{11}** The addendum does not state that Mr. Crockett's right to occupancy is conditional upon his employment. Rather, the addendum provides that upon termination and receipt of a three day request to vacate the apartment, Mr. Crockett had the option

of remaining in the apartment but with the obligation to pay the community market rent for so long as he remained in the apartment, together with the community's then month-to-month premium. *See Benz*, 2013-NMCA-111, ¶ 31.

**{12}** To the extent Defendants request that we should nonetheless interpret Section 47-8-9(E) such that it exempts UORRA from their relationship with Mr. Crockett, we decline to do so. This interpretation would require us to either read language into Section 47-8-9(E), which we will not do, or we would have to "interpret the [addendum] in violation of the well-established rule that particular provisions should not be read to annul other provisions unless there is no other reasonable interpretation." *See Pub. Serv. Co. N.M. v. Diamond D. Constr. Co.*, 2001-NMCA-082, ¶ 20, 33 P.3d 651. Defendant's reliance on the unpublished opinion in *Collins v. Storment*, No. 91-1010-HB, 1993 U.S. Dist. LEXIS 20156 (D.N.M. Apr. 23, 1993), similarly does not persuade us to exempt UORRA from Defendants' relationship with Plaintiffs. Unlike the facts here, *Collins* did not involve a written agreement from which the court could construe a rental agreement, and in the absence of a landlord-tenant relationship, the court held that UORRA did not apply. *Id.* at *7-8.

**{13}** Mr. Crockett's right to occupancy was not conditional on his employment, and therefore his lease was not exempt from UORRA. Formal eviction proceedings are not a condition precedent to pursuing a claim under UORRA's notice provisions. As such, the district court's grant of summary judgment in favor of Defendants on Plaintiffs' first cause of action was improper. Instead, the district court should have determined whether or not Defendants complied with UORRA's notice provisions in terminating Mr. Crockett's lease agreement.

**{14}** We now turn to Plaintiffs' contention that Defendants failed to comply with UORRA's thirty day written notice requirement, which applies for terminating a month-to-month lease. *See* § 47-8-37(B). Plaintiffs' argument relies on language in the automatic lease renewal section of Mr. Crockett's lease, which states the "[l]ease [c]ontract will automatically renew month-to-month unless either party gives [sixty] days written notice of termination or intent to move out" and "[u]nless otherwise provided in this [l]ease [c]ontract, [thirty] days notice, means written notice [thirty] days before the next rent is due." Plaintiffs argue that because the provision in the addendum stating that "the [r]esident and all occupants agree to vacate the [a]partment upon thirty (30) days notice from [Defendants] for any reason or no reason" does not specify that the thirty days notice must be in writing, the writing requirement in the original lease controls. However, the original term of Mr. Crockett's lease commenced on May 10, 2019, and ended on September 30, 2020. As a consequence, at the time of Mr. Crockett's July 23, 2019 termination, the lease had not yet proceeded to automatic month-to-month renewal and Section 47-8-37(B), which applies only to month-to-month leases, did not control the notice and termination. Plaintiffs identify no other UORRA provision governing the type of lease at issue in the present case.

**{15}** Based on the forgoing, we affirm the district court's dismissal of Plaintiffs' first cause of action on the grounds that Defendants did not violate UORRA's thirty day

written notice of termination requirement under the right for any reason doctrine. *See Wild Horse Observers Ass'n v. N.M. Livestock Bd.*, 2016-NMCA-001, ¶ 29, 363 P.3d 1222 ("An appellate court may affirm a district court if it was right for any reason and affirming on new grounds would not be unfair to the appellant.").

**{16}** We also decline to address Plaintiffs' constructive eviction argument. Plaintiffs did not plead this claim below and the allegations in the complaint are not sufficient to notify Defendants that this was at issue. *See Credit Inst. v. Veterinary Nutrition Corp.*, 2003-NMCA-010, ¶ 19, 133 N.M. 248 (stating that a district court "may not grant judgment for relief which is neither requested by the pleadings nor within the theory" of the case and the "theory of pleadings is to give the parties fair notice of the claims" against them). Further, Plaintiffs raise this claim for the first time on appeal. *See* Rule 12-321(A) NMRA; *Campos Enters., Inc. v. Edwin K. Williams & Co.*, 1998-NMCA-131, ¶ 12 125 N.M. 691, 964 P.2d 855 ("This Court reviews the case litigated below, not the case that is fleshed out for the first time on appeal." (Text only) (citation omitted)).

**Defendants Did Not Breach Their Contract With Plaintiffs**

**{17}** Next we turn to Plaintiffs' breach of contract claim. We briefly address Defendants' contention that Plaintiffs did not preserve the argument that Defendants breached the lease agreement by providing insufficient notice to vacate. Plaintiffs do not challenge the district court's finding that there was no breach of contract because Plaintiffs did not attempt to remain after termination, even if the contract allowed them to do so. Rather, Plaintiffs argue that the district court erred when granting summary judgment by failing to consider whether Defendants complied with the terms of the addendum when terminating the tenancy. Because the parties presented arguments on this below, "although the district court did not expressly rule on this issue, we can affirm if the district court was correct for any reason that was before it on the basis of the presentations of the parties." *Romero v. Bd. of Cnty. Comm'rs*, 2011-NMCA-066, ¶ 7, 150 N.M. 59, 257 P.3d 404.

**{18}** Plaintiffs argue that Defendants' ability under the addendum to request a terminated employee vacate the apartment within three days does not alter Defendants' requirement to give thirty days' notice under the addendum. "[A] breach occurs when a party fails to perform a contractual obligation when that performance is called for." *Salehpoor v. N.M. Inst. of Mining & Tech.*, 2019-NMCA-046, ¶ 11, 447 P.3d 1169 (alternations, internal quotation marks, and citation omitted).

**{19}** Based upon the plain language of the addendum's termination provision and the district court's findings, we hold that Defendants did not breach the lease agreement. As discussed above, when the tenant is a terminated employee, Defendants may at their discretion provide the tenant with a three business day notice to vacate the apartment. Because Mr. Crockett was terminated from his employment, Defendants did not breach the lease agreement by requesting Plaintiffs vacate the apartment. Plaintiffs did not object to the request nor do they claim they were precluded from continuing to occupy the apartment at the "[c]ommunity's then month-to-month premium" as would be

required under the addendum. Defendants therefore did not fail to perform their contractual obligation. *See Salehpoor*, 2019-NMCA-046, ¶ 11.

**{20}** Plaintiffs argue, in the event that we find Defendants did not breach the lease agreement, that we should hold that the language of the lease agreement is ambiguous. "This Court has recognized that a contract is deemed ambiguous only if it is reasonably and fairly susceptible of different constructions." *LensCrafters, Inc. v. Kehoe*, 2012-NMSC-020, ¶ 18, 282 P.3d 758 (text only) (citation omitted). "The mere fact that the parties are in disagreement on the construction to be given does not necessarily establish ambiguity." *Id.* (internal quotation marks and citation omitted).

**{21}** The language of the employee lease agreement is clear and unambiguous: Defendants may in their discretion provide a terminated employee three days' notice to vacate the apartment. Because the "language is not ambiguous, it is conclusive." *See Benz*, 2013-NMCA-111, ¶ 31 (internal quotation marks and citation omitted); *see also Kehoe*, 2012-NMSC-020, ¶ 19 ("Where a contract provides for a manner by which termination can be effected, those provisions must ordinarily be enforced as written." (internal quotation marks and citation omitted)).

**{22}** Finally, Plaintiffs ask that we consider the respective bargaining positions between Mr. Crockett and Defendants, and argue that Plaintiffs were unable to present facts about how Plaintiffs were placed under duress. We decline to address this argument. "A party may not simply argue that such evidentiary facts might exist, nor may it rest upon the allegations of the complaint. Instead, the party opposing the summary judgment motion must adduce evidence to justify a trial on the issues." *Horne v. Los Alamos Nat'l Sec., L.L.C.*, 2013-NMSC-004, ¶ 15, 296 P.3d 478 (text only) (citation omitted); *see also* Rule 1-056(F) NMRA (providing a district court procedure for obtaining evidence to forestall summary judgment). Plaintiffs' opportunity to present facts about duress was at the time of the summary judgment motion. We will not reverse the district court because Plaintiffs chose not to do so.

**CONCLUSION**

**{23}** For the foregoing reasons, we affirm.

**{24}** **IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**KATHERINE A. WRAY, Judge**