This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39897**

**VIRGINIA MEJIA,**

      Plaintiff-Appellant,

v.

**ADELITA'S INC. d/b/a Adelita's Restaurant, and MARIA OLIVAS RAMIREZ and YADIRA RAMIREZ, in their individual and official capacities,**

      Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Maria Sanchez-Gagne, District Court Judge**

Quiñones Law Firm LLC
Carlos M. Quiñones
Santa Fe, NM

for Appellant

Walcott, Henry & Winston, P.C.
Donald A. Walcott
Santa Fe, NM

for Appellees

## MEMORANDUM OPINION

**BUSTAMANTE, Judge, retired, sitting by designation.**

**{1}** Plaintiff Virginia Mejia appeals the district court's grant of summary judgment in favor of Defendants Adelita's Inc., Maria Olivas Ramirez, and Yadira Ramirez. Plaintiff argues the evidence presented provided a genuine issue of material fact regarding whether Defendants discharged or constructively discharged Plaintiff, and the district

court therefore erred in granting summary judgment. Defendants argue that Plaintiff cannot sustain her retaliatory discharge claim because she did not file a workers' compensation claim. We reverse.

## BACKGROUND

**{2}** As alleged in her complaint, Plaintiff worked as a waitress at Adelita's Restaurant in Santa Fe, New Mexico. One evening while Plaintiff was cleaning the restaurant after it closed, Plaintiff got into a physical altercation with another employee of Adelita's. During the altercation, the other employee struck Plaintiff in her left eye with a mop handle. Plaintiff suffered physical injuries from this altercation. Plaintiff was forced to take time off due to her injuries and she never went back to work at Adelita's after she healed.

**{3}** Plaintiff filed a complaint against Defendants for retaliatory discharge and negligent retention/supervision. After the negligent retention/supervision charge was dismissed, Defendants filed a motion for summary judgment on Plaintiff's retaliatory discharge claim wherein Defendants made two arguments. First, Defendants asserted that Plaintiff did not file a workers' compensation claim, and, therefore, Plaintiff had no claim for retaliatory discharge. Second, Defendants also claimed that Plaintiff was not discharged. Plaintiff responded, arguing that she presented Defendant Maria Ramirez with workers' compensation paperwork and that Defendant Maria Ramirez placed Plaintiff on unpaid leave and refused to communicate with Plaintiff regarding her returning to work, which amounted to a constructive discharge. After the completion of briefing and a hearing, the district court granted Defendants' motion, concluding that "Plaintiff was not discharged nor constructively discharged from her employment by Defendants."

## DISCUSSION

**{4}** "Summary judgment is reviewed on appeal de novo." *Juneau v. Intel Corp.*, 2006-NMSC-002, ¶ 8, 139 N.M. 12, 127 P.3d 548. We view the evidence in the light most favorable to the party opposing summary judgment. *City of Albuquerque v. BPLW Architects & Eng'rs, Inc.*, 2009-NMCA-081, ¶ 7, 146 N.M. 717, 213 P.3d 1146. "In New Mexico, summary judgment may be proper when the moving party has met its initial burden of establishing a prima facie case for summary judgment." *Romero v. Philip Morris Inc.*, 2010-NMSC-035, ¶ 10, 148 N.M. 713, 242 P.3d 280. "Once this prima facie showing has been made, the burden shifts to the non[]movant to demonstrate the existence of specific evidentiary facts which would require trial on the merits." *Id.* (internal quotation marks and citation omitted).

**{5}** Plaintiff argues the district court erred in determining there was no genuine issue of material fact that she was not discharged or constructively discharged. Defendants argue that Plaintiff never filed a workers' compensation claim and, thus, cannot maintain a retaliatory discharge cause of action as a matter of law. We agree with Plaintiff and disagree with Defendants. We explain.

**{6}** "The tort of retaliatory discharge was first recognized in New Mexico . . . as an exception to the traditional rule that an employee at will may be discharged without cause." *Gandy v. Wal-Mart Stores, Inc.*, 1994-NMSC-040, ¶ 3, 117 N.M. 441, 872 P.2d 859. To recover damages based on retaliatory discharge, a plaintiff "must demonstrate that [they were] discharged because [they] performed an act that public policy has authorized or would encourage, or because [they] refused to do something required of [them] by [their] employer that public policy would condemn." *Shovelin v. Cent. N.M. Elec. Coop.*, 1993-NMSC-015, ¶ 24, 115 N.M. 293, 850 P.2d 996 (internal quotation marks and citation omitted). In *Michaels v. Anglo American Auto Auctions, Inc.*, 1994-NMSC-015, 117 N.M. 91, 869 P.2d 279, our Supreme Court concluded that because the Workers' Compensation Act (WCA), NMSA 1978, §§ 52-1-1 to -70 (1929, as amended through 2017), did not provide an exclusive remedy, *see Michaels*, 1994-NMSC-015, ¶¶ 6-10, and the public policy articulated in Section 52-1-28.2(A) supported protecting employees from being discharged in retaliation for filing a workers' compensation claim, New Mexico recognized a cause of action of retaliatory discharge based on a worker's discharge for exercising their rights afforded by the WCA. *Michaels*, 1994-NMSC-015, ¶¶ 11-16. We start by addressing Plaintiff's argument that the district court erred by determining Plaintiff was not discharged or constructively discharged.

**{7}** Defendants provided an affidavit from Defendant Yadira Ramirez, a manager at Adelita's at the time Plaintiff was working. Defendant Yadira Ramirez affirmed that Plaintiff worked for Defendant Adelita's as an at-will employee. Defendant Yadira Ramirez stated that, after the altercation alleged in this case, Plaintiff asked for time off from work and Defendants "told [Plaintiff] that she could take as much time off as she needed[,]" but that "[Plaintiff] never returned to work." Defendant Yadira Ramirez also stated she nor anyone at Adelita's "ever told [Plaintiff] that she could not come back to work," and Plaintiff never asked them if she could return to work.

**{8}** In response, Plaintiff provided several pages worth of text messages between Plaintiff and Defendant Maria Ramirez, an owner of Adelita's. The messages were in Spanish and, in an affidavit, Plaintiff translated the messages into English without expressing how she did so or who did so in light of her being a monolingual Spanish speaker.[1] Plaintiff affirmed that these text messages demonstrate that Defendant Maria Ramirez placed Plaintiff on unpaid leave for a month, and, despite Plaintiff's queries about returning to work, Defendant Maria Ramirez refused to communicate with Plaintiff about returning to work. In Defendants' reply, they provided a translation of the text message within the body of their pleading that was different than the translation Plaintiff provided in her affidavit.

**{9}** We begin our analysis by noting that there is a genuine dispute of material fact solely between the parties' translation of the text messages. The parties' translations and the inferences from such a translation are a factual matter to be decided based on evidence explaining their meaning to a jury—some of whom will be non-Spanish

---

[1] We do note that Plaintiff began her affidavit with, "This [a]ffidavit was translated for me from English to Spanish and I have executed the same voluntarily and with a full understanding of its contents."

readers. It requires a factual determination to conclude whether Plaintiff or Defendants provided the proper translation. More specifically, it is a factual matter whether the text messages demonstrate that Defendant Maria Ramirez told Plaintiff she *had* to take off a month of unpaid work or if she *could* take off a month of unpaid work. *See Associated Home & RV Sales, Inc. v. Bank of Belen*, 2013-NMCA-018, ¶ 23, 294 P.3d 1276 ("An issue of fact is 'genuine' if the evidence before the court considering a motion for summary judgment would allow a hypothetical fair-minded fact[-]finder to return a verdict favorable to the non[]movant on that particular issue of fact." (internal quotation marks and citation omitted)). Further, the evidence presents a genuine issue of material fact regarding whether Defendant Maria Ramirez's failure to respond to Plaintiff's question about returning to work meant that Plaintiff could not return to work, or if Plaintiff could have asked for more work and she would have been given shifts. *See Marquez v. Gomez*, 1991-NMCA-066, ¶ 15, 116 N.M. 626, 866 P.2d 354 ("Even if the basic material facts are undisputed, if equally logical, but conflicting, reasonable inferences can be drawn from these facts, an award of summary judgment is improper."). These translation issues and the inferences required from the texts provide a genuine issue of material fact regarding if Plaintiff was discharged or constructively discharged.

**{10}** We now turn to Defendants' argument that Plaintiff never filed a workers' compensation claim, so she could not sustain her retaliatory discharge claim. *See Romero v. Bd. of Cnty. Comm'rs*, 2011-NMCA-066, ¶ 7, 150 N.M. 59, 257 P.3d 404 ("[W]e can affirm if the district court was correct for any reason that was before it on the basis of the presentations of the parties."). In *Michaels*, 1994-NMSC-015, ¶ 1, our Supreme Court concluded that an employee has stated a claim for retaliatory discharge when they allege they were wrongfully discharged in retaliation for filing a workers' compensation action. In *Rhein v. ADT Automotive, Inc.*, 1996-NMSC-066, ¶ 1 n.1, 122 N.M. 646, 930 P.2d 783, our Supreme Court revisited the underlying cause of action asserted in *Michaels*. In *Rhein*, evidence at trial demonstrated the plaintiff—a different plaintiff than the plaintiff whose claim was at issue in *Michaels*—was fired three days before he was going to file a workers' compensation claim. *Rhein*, 1996-NMSC-066, ¶ 26. The jury returned a verdict that included compensatory damages for the plaintiff. *Id.* ¶ 11. The district court granted a motion for judgment notwithstanding the verdict in part based on the fact that the plaintiff filed his workers' compensation claim after he was fired. *Id.* ¶¶ 25, 27. Our Supreme Court determined the jury could have inferred that the plaintiff was terminated in anticipation of his workers' compensation claim and reversed the district court. *Id.* ¶¶ 26, 28, 29.

**{11}** The decision in *Rhein* cuts through any argument that *Michaels* requires a workers' compensation claim to be filed before the worker was discharged, and concludes that it is a factual determination regarding if the worker was discharged because they were *seeking* workers' compensation benefits, not just that they filed for workers' compensation benefits. *See* § 52-1-28.2(A) ("An employer shall not discharge, threaten to discharge or otherwise retaliate in the terms or conditions of employment against a worker who *seeks* workers' compensation benefits for the sole reason that

that employee seeks workers' compensation benefits." (emphasis added)); *Rhein*, 1996-NMSC-066, ¶¶ 25-29.

**{12}**  Turning to the evidence before us, Defendants provided an affidavit from Defendant Yadira Ramirez that stated, "As far as I know, [Plaintiff] has never made a claim on the workers' compensation insurance policy of Adelita's." Plaintiff responded with her own affidavit. In that affidavit she stated that after her hospitalization for her injuries related to the altercation in this case, hospital staff provided Plaintiff a document to initiate the workers' compensation process. Plaintiff affirmed that in response to that document, Defendant Maria Ramirez stated, "Why am I paying? Because you and ___ fought? I have no involvement with that" and she refused to complete the workers' compensation document. Plaintiff provided a document she alleges is the document she provided to Defendant Maria Ramirez as an exhibit to her response to Defendants' motion, but the document is illegible. Plaintiff also stated that Defendant Maria Ramirez later told Plaintiff, "I spoke with my insurance company and they said I did not have to pay" and "[y]ou can fight with the insurance company." The evidence presents a genuine issue of material fact regarding whether Plaintiff was seeking workers' compensation benefits and if Defendants were aware Plaintiff intended to file a workers' compensation claim before she was allegedly discharged or constructively discharged.

**CONCLUSION**

**{13}**  For the foregoing reasons, we reverse the district court's order granting Defendants' motion for summary judgment and remand for proceedings in accordance with this opinion.

**{14}  IT IS SO ORDERED.**

**MICHAEL D. BUSTAMANTE, Judge,**
**retired, Sitting by designation**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**GERALD E. BACA, Judge**